BAKER, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 11 — November 28, 1893.*

Mandamus *to compel decision of motion: Criminal law: Appointment of counsel for defendant.*

1. *Mandamus* will not lie to compel a circuit judge to decide a motion, where there has been no refusal to decide and no such delay that a refusal can fairly be inferred.
2. The defendant in a criminal case may have whatever counsel he chooses to retain, and may refuse the services of any other: but if he would be defended at the expense of the county he must accept the services of any reputable attorney whom the court, in its discretion, may see fit to appoint.

Baker vs. The State.

MOTION for a Writ of *Mandamus*.

The record herein having been remitted to the circuit court for Ashland county, to be returned to this court when a bill of exceptions should be settled in the case, with such bill attached thereto, and this court having declined to appoint counsel for plaintiff in error to prosecute his writ of error (84 Wis. 584) the circuit court made an order appointing W. W. O'Keefe, Esq., of Ashland, an attorney of this court, to settle a bill of exceptions and to prosecute such writ of error in this court at the expense of the county of Ashland.

During the month of September last, a motion, founded on a verified petition of plaintiff in error and an affidavit of Rublee A. Cole, was submitted to the circuit court, praying that such appointment of Mr. O'Keefe be vacated and said Cole appointed instead to perform the same service at the expense of the county. In his petition the petitioner substantially declines to be represented in the cause by O'Keefe or by any attorney other than Mr. Cole.

Plaintiff in error, by Mr. Cole, his attorney, now moves this court to send its writ of *mandamus* to Judge PARISH, requiring him to decide such motion, and shows in support thereof that the circuit court had not decided the same up to November 10, 1893. He further asks that, if the motion for a *mandamus* is denied, the clerk of the circuit court of Ashland county be directed to return the record to this court.

*Rublee A. Cole*, for the plaintiff in error.

LYON, C. J. The motion for a *mandamus* must be denied. The circuit court has not refused to decide the motion for a change of attorneys to prosecute the writ of error in this court at the cost of the county. Neither has it delayed to decide such motion so long that a refusal to decide it can, fairly be inferred therefrom. The motion is pending, and

Baker vs. The State.

doubtless will be decided in due course of procedure in that court.  At least such is the presumption, and it is not repelled by anything we find in the motion papers presented to this court.  No *mandamus* can properly issue in such a case.

Mr. Cole will be recognized by this court as the attorney for the plaintiff in error, and should be so recognized by the circuit court in the matter of settling a bill of exceptions and giving direction for the return of the record to this court.  But his services will not become a legal charge against the county unless the circuit court shall, in its discretion, grant the pending motion.

*By the Court.*— Motion denied.

NOTE.— Since the above was written, Mr. Cole has filed in this court an additional affidavit and copy of an order, from which it appears that on November 16th the circuit court of Ashland county decided the motion in question, and made an order denying the same.  Mr. Cole still urges, however, that such order is an abuse of the discretion of the court in the premises, and that a *mandamus* to correct such abuse should issue, notwithstanding the motion has been decided.  We do not think the denial of the motion is an abuse of discretion.  Counsel seems to think that, by refusing to have Mr. O'Keefe or any one else except Mr. Cole as his counsel, plaintiff in error can coerce the court to appoint the latter to defend him at the expense of the county.  This is a mistake.  He may have whatever counsel he chooses to retain, and may refuse to accept the services of any counsel he does not want, but if he would be defended at the expense of the county he must accept the services of any reputable attorney the court, in its discretion, sees fit to appoint to perform that duty.