PETERS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 157. Argued March 4, 1971.—Decided March 30, 1971.*
(Also reported in 184 N. W. 2d 826.)

For the plaintiff in error there was a brief and oral argument by *Charles J. Drury* of Portage.

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *Joseph P. Koberstein,* district attorney of Columbia county.

HANLEY, J.   Two issues are raised by writs of error:

(1)  Did the trial court abuse its discretion in refusing to allow a withdrawal of the guilty plea; and

(2)  Did the trial court abuse its discretion in selecting the sentence imposed?

*Withdrawal of guilty plea.*

The defendant asks this court to find that indigent defendants are entitled to one change of appointed counsel as a matter of right. The defendant requested the trial court to appoint new counsel for him because he and his first appointed counsel were "incompatible as to the line of defense," and because the defendant wanted to get "another legal opinion."

The defendant and his companion (who was initially his codefendant) were arrested for the burglary of the Thompson Electric Motor Service Company in Columbia county. Guns stolen from the Thompson Company were found in the defendant's car.

At the preliminary hearing both defendants were found to be indigent, and Lewis W. Charles was appointed to represent both of them. Later, at the arraignment, both defendants waived the reading of the information, and the following occurred:

"*Defendant Peters:* May I say something first, your Honor?

"*The Court:* Yes.

"*Defendant Peters:* I would like to request the assistance of a different attorney.

"*The Court:* On what grounds?

"*Defendant Peters:* Well, I would like to get another legal opinion; and I feel that we are incompatible as to the line of defense.

"*The Court:* Well, I feel that Mr. Charles is a capable lawyer, and will advise you of your rights, and do nothing that would not be compatible with your desires in this matter; so, I would deny your request; and we'll proceed with the arraignment.

"As to the burglary charge, how do you plead?

"*Defendant Peters:* Not guilty.

"*The Court:* As to the second count, how do you plead?

"*Defendant Peters:* Not guilty.

"*The Court:* Do you waive a jury trial?

"*Defendant Peters:* No.

"*The Court:* All right.

"Are these matters to be joined for trial?

"*Mr. Charles:* Your Honor, it has been brought to my attention that Mr. White has indicated that he would prefer a trial to the Court; therefore, there is the possibility of a conflict of interest, and I would therefore request permission to withdraw from Mr. White's case.

"*The Court:* Do you concur in this, Mr. White?

"*Defendant White:* Yes.

"*The Court:* All right. I'll allow you to withdraw in the matter of State versus White; and I will appoint another lawyer for you, Mr. White. I'll appoint Attorney Earl J. McMahon as your court appointed counsel."

There is no expressed indication in the record as to what the incompatibility between defendant and his counsel related to. However, later remarks by defendant indicate he thought that he could not be guilty of burglary because he did not enter the building with White, but only remained in the car as a lookout. Apparently counsel later explained to him that this was no defense and that under sec. 939.05, Stats. (parties to crime), he was as guilty as White. This supposition is based on

remarks by defendant when the judge was questioning him as to his understanding of the charge prior to accepting his guilty plea. Defendant's remarks were as follows:

*"The Court:* All right. And, do you understand that you are entering a plea of guilty to that of intentionally entering a building, Thompson's Electric, with intent to steal therein, without the consent of the owner?

*"Defendant:* As he's explained it to me, I'm just as guilty, whether I entered the building or not.

" . . .

*"The Court:* Now, is there anything that I've explained to you so far that you do not understand?

*"Defendant:* No; except I didn't enter the building; I was a party to the burglary, but the only thing that I object to is that I did not enter the building; I did not bring the guns out, but I was in the car, and I was a party to the burglary, so I would be as guilty as to that."

On the basis of the above facts the state argues that the defendant's voluntary plea of guilty constitutes a waiver of his right to complain about the trial court's failure to appoint him new counsel upon request. The defendant argues that the trial court's refusal to appoint new counsel left him without the "effective assistance of counsel" and constitutes a manifest injustice, entitling him to withdraw his guilty plea.

The grounds for withdrawal of a guilty plea were set forth in *State v. Biastock* (1969), 42 Wis. 2d 525, 529, 167 N. W. 2d 231:

"In *State v. Reppin,* this court adopted the 'manifest injustice' test as set forth in the American Bar Association Project on Minimum Standards for Criminal Justice —Pleas of Guilty.

"Under those standards a defendant should be permitted to withdraw his plea of guilty if he is able to prove that his plea was made under any of the following situations:

" '(1) [H]e was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

" '(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

" '(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; or

" '(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement.' "

Defendant relies on the first ground listed in *Biastock, supra,* and contends that as a matter of right he is entitled to at least one substitution of appointed counsel when he is dissatisfied with the first one the court has appointed for him. This matter was considered in Wisconsin as early as *Baker v. State* (1893), 86 Wis. 474, 476, 56 N. W. 1088. In an addendum note to the *Baker* opinion, the court stated:

". . . He may have whatever counsel he chooses to retain, and may refuse to accept the services of any counsel he does not want, but if he would be defended at the expense of the county he must accept the services of any reputable attorney the court, in its discretion, sees fit to appoint to perform that duty."

The *Baker* rule was reaffirmed very recently in the case of *State v. Johnson,* ante, p. 280, 184 N. W. 2d 107:

". . . In this state an indigent defendant is entitled to competent counsel, but not necessarily counsel of his own choosing. He cannot select and he cannot discharge the court-appointed attorney, *nor can he insist upon replacement counsel being appointed.* He can request the court to name a different attorney, but the decision is for the court to make. . . ." (Emphasis supplied.)

The *Johnson* decision makes it clear that an indigent defendant's request for new counsel, when he is already represented by appointed counsel, is not a matter of right, but a matter for the sound discretion of the trial court.

We think the trial court did not abuse its discretion in refusing defendant's request for new counsel because

that request was based on the defendant's own misunderstanding of the law. Once he was informed that the mere fact that he remained in the car did not constitute a defense to the burglary charge, he expressed no further dissatisfaction with his appointed counsel and, in fact, chose to plead guilty.

Now, on appeal, however, defendant's counsel intimates that actually defendant's defense was intoxication and that he was asleep in the car at the time of the burglary. There is no evidence in the record to support this claim. The defendant had many opportunities to inform the trial court of his alleged intoxication defense but failed to do so. His plea of guilty was not accepted until after thorough questioning by the trial court. The defendant, by his guilty plea, has waived any defense he may have had to the charge.

We think the trial court's refusal to appoint new counsel was not an abuse of discretion because the defendant gave no sufficient reason to justify his request. Likewise, there was no error in the trial court's order denying the defendant's motion to withdraw his guilty plea because the defendant did not show that a manifest injustice would result from such denial.

### Review of sentence.

The court had a presentence report before it when sentence was imposed. That report revealed defendant had a prior record. Probation apparently was considered by the court when he stated, "I don't believe you could make it under probation." The court imposed a sentence of five years which was only half of the maximum sentence possible. The court stated the reason for its sentence:

"You're getting what I feel is a minimum type sentence here, because there was no violence involved; this was not a dwelling which you entered,"

and we find no abuse of discretion in the sentencing process.

*By the Court.*—Judgment and order affirmed.