RAHHAL, Plaintiff in error, v. STATE, Defendant in error.

*No. State 177. Argued June 4, 1971.—Decided June 25, 1971.*
(Also reported in 187 N. W. 2d 800.)

For the plaintiff in error there was a brief by *Robert E. Sutton* and *Samson, Friebert, Sutton & Finerty,* all of Milwaukee, and oral argument by *Robert E. Sutton.*

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *E. Michael McCann,* district attorney of Milwaukee county.

HALLOWS, C. J. Rahhal claims he was denied his constitutional right to assistance of counsel for his defense and therefore his conviction should be reversed.

It is argued that an indigent has a constitutional right to pick his own counsel at public expense. Rahhal relies on *Crooker v. California* (1958), 357 U. S. 433, 78 Sup. Ct. 1287, 2 L. Ed. 2d 1448, and *Chandler v. Fretag* (1954), 348 U. S. 3, 75 Sup. Ct. 1, 99 L. Ed. 4. He claims Mr. Steininger was not of his choosing, but as we read the record this claim has no basis in fact. While Rahhal contends he only wanted to hire Mr. Steininger to represent him for the return of the $700, the record shows the trial counsel appeared in court because he was retained by Rahhal, was appointed to represent him because of indigency, and prepared the case for trial. It was not until the day of the trial that Mr. Steininger was told by Rahhal that he wanted other counsel.

We do not read the cases cited by Rahhal as substantiating his argument that the right to counsel at public expense includes counsel of one's own choosing. Besides, this court has held to the contrary and has said, "He cannot select and he cannot discharge the court-appointed attorney, nor can he insist upon replacement counsel being appointed. He can request the court to name a different attorney, but the decision is for the court to make." *State v. Johnson* (1971), 50 Wis. 2d 280, 283, 184 N. W. 2d 107; *Peters v. State* (1971), 50 Wis. 2d 682, 687, 184 N. W. 2d 826; *see also Baker v. State* (1893), 86 Wis. 474, 476, 56 N. W. 1088.

There is some indication in the record that the attorney whom Rahhal claims he wanted had appeared on the day of trial or shortly before in other cases and claimed to represent the defendant by request. Defendants in criminal cases often as a defense technique attempt to secure last-minute substitution of counsel to delay the trial and the practice has plagued the criminal courts in Milwaukee county. If such practice is recognized and allowed to continue, it will seriously inter-

fere with the administration of criminal justice and the orderly and efficient scheduling and trying of cases. We agree with the majority of federal courts which have repeatedly held the right to counsel cannot be manipulated so as to obstruct the orderly procedure for trials or to interfere with the administration of justice. *See United States ex rel. Baskerville v. Deegan* (2d Cir. 1970), 428 Fed. 2d 714, 716, and the cases cited therein.

Moreover, in an analogous situation this court has held that when the moment of trial has arrived and the witnesses are present, the trial court has the right and duty to weigh the impact of a requested adjournment on other persons involved in determining whether defense counsel should be substituted or sua sponte be permitted to withdraw from the case. *Cullen v. State* (1965), 26 Wis. 2d 652, 658, 133 N. W. 2d 284. We conclude on this record the trial court did not abuse its discretion in not granting the last minute request for a substitution of appointed counsel.

Rahhal contends it was error for the trial court not to grant his motion to withdraw his plea and to hear the motion because the trial judge was instrumental in coercing the plea. The case of *Tyler v. Swenson* (8th Cir. 1970), 427 Fed. 2d 412, is relied on for the proposition the same judge should not hear such a motion. In *Tyler* the defendant claimed the trial court threatened him in chambers with an additional thirty years' sentence if he did not plead guilty. This testimony was corroborated by the defendant's mother and his attorney. The trial court heard the motion and interjected his own recollections which were contrary to those of the defendant. The appellate court held the trial judge had made himself a material witness and therefore the hearing was not fair or in compliance with constitutional standards.

On a broader front, arguments have been made and we are aware of the attitude of many prisoners in state prisons who believe it is useless for them to petition the trial judge to pass on postconviction motions and motions to withdraw a plea of guilty. They feel the trial judge has decided the matter and is not inclined to change his mind. This view is based upon an utter lack of confidence in the integrity and impartiality of trial judges.

In the federal system there is a split of authority whether the sentencing judge is disqualified from conducting a hearing on a postconviction motion attacking the sentence. 28 USCA 2255 provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Two federal circuits require that the motion be heard by a judge other than the one who presided at trial primarily on the ground that such hearings are essentially factual and the potential problem of the interjection of personal recollections of matters outside the record by the judge should be avoided. *See Halliday v. United States* (1st Cir. 1967), 380 Fed. 2d 270, 274, and *Aeby v. United States* (5th Cir. 1970), 425 Fed. 2d 717, 719. However, four circuits have expressed their approval of the trial judge presiding over a sec. 2255 motion on the ground this was the intention of Congress. *See Mirra v. United States* (2d Cir. 1967), 379 Fed. 2d 782, certiorari denied, 389 U. S. 1022, 88 Sup. Ct. 593,

19 L. Ed. 2d 667; *United States v. Smith* (4th Cir. 1964), 337 Fed. 2d 49; *King v. United States* (9th Cir. 1968), 402 Fed. 2d 58; and *Lucerno v. United States* (10th Cir. 1970), 425 Fed. 2d 172.

In Wisconsin, a motion to withdraw a guilty plea is not statutory but is directed to the discretion of the trial court in the interest of justice.[1] The court hears such a motion under its inherent power. *Pulaski v. State* (1964), 23 Wis. 2d 138, 142, 126 N. W. 2d 625. Having the trial judge hear the motion to withdraw the plea is somewhat analogous to the procedure which allows the sentencing judge to correct an unjust sentence. *Hayes v. State* (1970), 46 Wis. 2d 93, 175 N. W. 2d 625, and to correct errors committed at trial. *State v. Escobedo* (1969), 44 Wis. 2d 85, 170 N. W. 2d 709; *Finger v. State* (1968), 40 Wis. 2d 103, 161 N. W. 2d 272.

While it may be advantageous on a later motion to have the trial court's recollection supplement the evidence produced concerning the trial, nevertheless, if a trial judge interjects himself into plea bargaining he may become a material witness or otherwise disqualify himself. Under such circumstances he should not hear the motion. He cannot be a witness and the finder of fact, too.[2] Trial judges should be careful to abstain from injecting themselves into plea bargaining or influencing the making of a plea. A trial judge may accept a plea bargain, but he should not do the bargaining. *See* American Bar Association Project on

[1] Sec. 971.08, Stats., limiting the time to 120 days after conviction within which the court may permit the withdrawal of a plea of guilty was not in force at the time this motion was made.

[2] In *State v. Wolfe* (1970), 46 Wis. 2d 478, 175 N. W. 2d 216, the trial court participated in the plea bargaining and also heard the motion to withdraw the plea. However, the question of the propriety of the trial judge hearing the motion to withdraw the plea was not raised or considered by the court.

Minimum Standards for Criminal Justice: *Relating to Pleas of Guilty*, sec. 3.3, *Responsibilities of the trial judge*, pp. 11, 12, and commentary, pp. 72, 76. The record discloses the trial judge in this case did not participate in plea bargaining.

In the instant case the trial judge in hearing the motion questioned the trial attorney concerning his advice to Rahhal concerning new counsel, his preparation for trial and the judge's attitude toward the defendant. These questions were relevant because of the defendant's claim that Judge COFFEY denied the substitution of counsel because he hated Mrs. Neff. The record does not show a denial on that ground or that the denial destroyed the voluntariness of Rahhal's plea.

It is true at the time of trial and when he was asked for separation of the cases, the trial judge stated to the defendant what the maximum sentence could be on the charge of forgery, but this was not done in the manner of differential sentencing. Threatening a defendant or intimating a greater sentence will be meted out if defendant goes to trial and is found guilty than if he pleads guilty has been condemned as being coercive. *Scott v. United States* (D. C. Cir. 1969), 419 Fed. 2d 264, and *see* dissent of Mr. Justice BRENNAN in *Parker v. North Carolina* (1970), 397 U. S. 790, 799, 90 Sup. Ct. 1458, 25 L. Ed. 2d 785.

However, a plea otherwise valid is not involuntary because induced or motivated by the defendant's desire to get the lesser penalty. A voluntary and intelligent choice always involves two or more alternatives, each having some compelling power of acceptance. The fact that a defendant must make a choice between two reasonable alternatives and take the consequences is not coercive of the choice finally made. The distinction between a motivation which induces and a force which compels the human mind to act must always be kept in

focus. When the defendant is not given a fair or reasonable alternative to choose from, the choice is legally coerced. This record does not show any basis for a claim of a differential sentencing or other coercion.

*By the Court.*—Judgment and order affirmed.