ROBERT P. RUSSELL, Corporation Counsel, Milwaukee County
You request my opinion whether the power to appoint counsel for an indigent defendant, vested by sec. 970.02 (6), Stats., in the judge of the court in which an indigent defendant is to be tried, can be transferred without the consent of such judge to a non-stock, non-profit corporation operating as a public defender's office absent specific legislation granting such authority.
I am of the opinion that it cannot be so transferred. I am of the further opinion that under present statutes any public defender's plan must have the approval of the judges of courts of record in each county.
The plan proposed by the Wisconsin Council of Criminal Justice for Milwaukee County would provide that a non-stock, non-profit corporation would be given the responsibility to provide representation to all indigent defendants and that where a staff attorney was not available private counsel would be appointed by the corporation.
Since we have a specific statute dealing with the appointment of counsel for indigent defendants which vests power in the judges of the several courts, we need not be here concerned with whether the supreme court or the legislature could provide that some other department of state or county government or some nongovernmental entity could exercise the power of appointment at state or county expense. In sec. 257.23, Stats., the legislature has recognized the right of the supreme court to appoint counsel for indigents outside the office of the state public defender.
An indigent defendant has a constitutional right to representation by competent counsel. Appointment of counsel for indigent defendants is a matter of statewide concern and the legislature has provided a scheme therefor. It is, in my opinion, not a matter of a local, legislative and administrative character which *Page 134 
could be conferred by the legislature upon the boards of supervisors of the several counties under Art. IV, sec. 22, Wis. Const.
Section 970.02 (6), Stats., provides in material part:
"(6) The judge shall in all cases where required by the U.S. or Wisconsin constitution appoint counsel for defendants who are financially unable to employ counsel, unless waived, at the initial appearance. The judges of courts of record in each county shall establish procedures for the appointment of counsel in that county: * * *"
Long before there was a statute providing for the appointment of counsel for indigents which provided compensation to be paid by the county, our supreme court held that it was the duty ofcircuit courts to appoint and "employ" counsel on their behalf and that it was the duty of the county to provide compensation therefor as an incident to the administration of criminal law.Carpenter v. County of Dane, 9 Wis. *249; State v. Kenney (1964),24 Wis.2d 172, 181, 128 N.W.2d 450
In Peters v. State (1971), 50 Wis.2d 682, 687, 184 N.W.2d 826, the supreme court emphasized the duty and discretion in the court
with respect to the appointment of counsel for an indigent defendant.
"* * * This matter was considered in Wisconsin as early asBaker v. State (1893), 86 Wis. 474, 476, 56 N.W. 1088. In an addendum note to the Baker opinion, the court stated:
"`. . . He may have whatever counsel he chooses to retain, and may refuse to accept the services of any counsel he does not want, but if he would be defended at the expense of the county he must accept the services of any reputable attorney the court, in its discretion, sees fit to appoint to perform that duty.'
"The Baker rule was reaffirmed very recently in the case ofState v. Johnson, ante, p. 280, 184 N.W.2d 107:
"`. . . In this state an indigent defendant is entitled to competent counsel, but not necessarily counsel of his own choosing. He cannot select and he cannot discharge the court-appointed attorney, nor can he insist upon replacement counselbeing appointed. He can request the court to name a different attorney, *Page 135 
but the decision is for the court to make. . . .' (Emphasis supplied)."
RWW:RJV