**August K. BERGENTHAL, Petitioner,**

**v.**

**James MATHEWS, Warden of the Wisconsin Correctional Camp System, Box 25, Oregon, Wisconsin, Respondent.**

**No. 74–C–571.**

United States District Court,
E. D. Wisconsin.

March 26, 1975.

Teper, Fiorenza, Weiss & Teper, by John A. Fiorenza, Milwaukee, Wis., for petitioner.

Bronson C. LaFollette, Wis. Atty. Gen., by William Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Mr. Bergenthal has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241–54 (1970). I conclude that the petition should be denied.

In an order dated January 22, 1975, I requested counsel for the petitioner and the respondent to submit briefs on the question whether the petitioner had exhausted his state remedies with respect to the claims asserted in his petition; such briefs have been filed. Accordingly, this matter is before me on a complete set of pleadings, the briefs of counsel and various exhibits. There appears to be no dispute with respect to the pertinent facts.

The following grounds for Mr. Bergenthal's release, raised in his petition, have not been presented to the Wisconsin supreme court:

(1) That the trial court failed properly to preserve material examined *in camera*, thus denying the petitioner a record of sufficient completeness for post-conviction remedies in violation of the fourteenth amendment (¶ 14A of the petition);

(2) That the clerks of the Milwaukee circuit court committed gross negligence in connection with the whereabouts of a "brown sealed envelope," thus preventing the petitioner from having access to the *in camera* materials in violation of the petitioner's fourteenth amendment right to seek appellate review based on a record of sufficient completeness (¶ 14B of the petition);

(3) That the petitioner's trial counsel failed to cause the *in camera* materials contained in the brown envelope to be transferred to the Wisconsin supreme court for appellate review on the issue of exculpation, thus violating the petitioner's right to the effective assistance of counsel guaranteed by the sixth and fourteenth amendments (¶ 14C of the petition);

(4) That the brown sealed envelope had been tampered with, and as a result materials are missing from the envelope in violation of the petitioner's fourteenth amendment rights (¶ 14D of the petition);

(5) That newly discovered evidence indicates that one of the prosecution witnesses, Mrs. Mary Wirth, was on the date of the offense suffering from physical and mental disabilities affecting her capacity as a witness, thus infringing the petitioner's right to confrontation of accusers and due process of law (¶ 14G of the petition).

Although the petitioner does not concede the absence of exhaustion with respect to the above claims, it is reasonably clear from the nature of each claim that none of them was before the Wisconsin supreme court on appeal from the trial court in Bergenthal v. State, 47 Wis.2d 668, 178 N.W.2d 16 (1970). Furthermore, while the subject matter of some of the claims was litigated in mandamus proceedings in the Milwaukee circuit court, there is no allegation in the petition that the judgment of February 1, 1974, denying the writ of manda-

mus, has been appealed to the Wisconsin supreme court.

However, as to the above-listed grounds, the petitioner urges that state remedies are ineffective and futile and may therefore be bypassed. Since the same claim is made with respect to other grounds arguably presented to the Wisconsin supreme court on appeal, discussion of whether state post-conviction remedies may be bypassed will encompass all grounds raised in the petition and will be addressed later in this decision.

■ I assume, without deciding, that two of the petitioner's claims have been presented to the supreme court of Wisconsin. These claims are set forth in paragraphs 14E and 14F of the petition. Nevertheless, I find that the Wisconsin supreme court has not been afforded an adequate opportunity to rule on those two alleged errors for purposes of the exhaustion requirements of 28 U.S.C. § 2254.

Paragraph 14E alleges that, contrary to the rulings of the trial court, the materials in the brown envelope are exculpatory and thus should have been disclosed by the prosecution to the defense pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967). Paragraph 14F asserts that the trial court could not have "thoroughly examined" the in camera materials submitted by the prosecution because the materials were much too voluminous for an adequate inspection, considering the two and one-half hour time span in which they were available for review.

The record in this case conclusively demonstrates that the Supreme Court of Wisconsin did not have the "brown envelope" or its contents at the time the errors specified in paragraphs 14E and 14F were allegedly reviewed. Indeed, paragraph 14C of the petition states:

"That after trial in April of 1969, petitioner's prior counsels failed to cause the in camera material preserved in the brown sealed envelope by Judge Hugh R. O'Connell to be transferred to the Wisconsin Supreme Court for purposes of appellate review on the issue of exculpation."

Neither of the errors alleged in paragraphs 14E and 14F could be effectively reviewed without the brown sealed envelope because to ascertain whether the lower court erred requires inspection of the contents of the allegedly exculpatory materials which were examined in camera. The absence of the brown sealed envelope during review on appeal, therefore, precluded the Wisconsin supreme court from having an adequate opportunity to pass on the paragraphs 14E and 14F contentions for purposes of the exhaustion requirements of 28 U.S.C. § 2254. See Thompson v. Peyton, 406 F. 2d 473, 476 (4th Cir. 1968); Piazzola v. Watkins, 442 F.2d 284, 287 n. 1 (5th Cir. 1971).

■ Thus, the Wisconsin supreme court has had either no opportunity or an inadequate one to pass on the petitioner's claims. Until the questions raised by a habeas corpus petition have been presented to the state's highest tribunal, there has been no exhaustion of state remedies. Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

■ It is undisputed that none of the claims in the petition have been litigated by a motion under Wis.Stat. § 974.06. Notwithstanding the availability of Wisconsin supreme court review under this procedure so that the Picard standard for exhaustion might be satisfied, the petitioner argues that Wisconsin post-conviction remedies are inadequate and futile, thus permitting him to bypass them. In my opinion, the review procedures provided by §§ 974.03, and 974.06 are entirely adequate and must be employed.

■ The petitioner first contends that § 974.06 proceedings are inadequate because of the Wisconsin supreme

court's statement in Peterson v. State, 54 Wis.2d 370, 381, 195 N.W.2d 837, 845 (1972), that "[t]he [§ 974.06] motion must not be used to raise issues disposed of by a previous appeal."

It should also be noted that this attack upon the adequacy of the § 974.06 procedure is applicable only to the claims presented by paragraphs 14E and 14F of the petition; earlier in this opinion I observed that the other grounds raised in the petition have not been before the Wisconsin supreme court on direct appeal. Thus, there is no possibility that grounds other than those raised in paragraphs 14E and 14F were "disposed of by a previous appeal."

Even if it could be said that paragraphs 14E and 14F were raised in the Wisconsin supreme court, I am not persuaded that the Wisconsin supreme court's statement in *Peterson* would foreclose consideration of those claims in a § 974.06 motion. The *Peterson* court footnoted the statement relating to "issues disposed of by a previous appeal." The footnote states: *"See* Annot. (1972), Vacating Sentence—Prior Consideration, 10 A.L.R.Fed. 724, 733, sec. 3[a]." Peterson v. State, *supra,* 54 Wis.2d at 381 n. 8, 195 N.W.2d at 845. This citation pertains to interpretation of 28 U.S.C. § 2255, the federal counterpart to Wis.Stat. § 974.06. I believe such citation strongly indicates that the availability of a § 2255 motion to a federal prisoner who has arguably had his claims previously adjudicated on a prior appeal is the same as the availability of a § 974.06 motion for a similarly situated Wisconsin prisoner.

Assuming that the issues presented by paragraphs 14E and 14F were before the Wisconsin supreme court, but were assuredly determined in the absence of the brown sealed envelope, the question then becomes whether such issues were "disposed of by a previous appeal," thereby precluding further review in a § 974.06 motion. I believe that Wisconsin courts are likely to entertain the claims in question and that resort to the § 974.06

procedure would not be futile; accordingly, such procedure may not be bypassed.

Wisconsin's apparent desire to look to the availability of a § 2255 motion to federal prisoners as the guide to determining the availability of a § 974.06 motion to Wisconsin prisoners convinces me that Wisconsin courts would follow the general principles enunciated in Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), insofar as *Kaufman* relates to the question whether direct review on appeal was sufficiently adequate to preclude review of the same question in § 2255 post-conviction proceedings. The Court said at page 230, 89 S.Ct. at page 1076, quoting from Judge Wright's dissent in Thornton v. United States, 125 U.S.App.D.C. 114, 368 F.2d 822 (1966):

> "'Where a federal trial or appellate court has had a "say" on a federal prisoner's claim, there may be no need for collateral relitigation. But what if the federal trial or appellate court said nothing because the issue was not raised? What if it is unclear whether the "say" was on the merits? . . . These problems raise, not the issue whether relitigation is necessary, but whether one adequate litigation has been afforded.'"

I have earlier determined that the questions presented by paragraphs 14E and 14F could not have been adequately reviewed on direct appeal by the Wisconsin supreme court for purposes of the exhaustion requirements of 28 U.S.C. § 2254 because, in the absence of the brown sealed envelope, no determination of the correctness of the trial court's rulings was possible. The same considerations, when viewed in light of the concerns expressed in the above quotation from *Kaufman,* lead to the conclusion that the direct appeal to the supreme court of Wisconsin was so inadequate that Wisconsin would not foreclose review of the paragraphs 14E and 14F claims in a § 974.06 post-conviction motion.

The petitioner next complains that a § 974.06 motion would be inadequate to protect his rights because such motion must be heard by the trial (sentencing) court. He asserts that a hearing before the same judge who presided over the trial is a denial of due process. He also claims that since the trial court judge in this case has been accused of wrongdoing in connection with the unavailability of the brown sealed envelope, it would be manifestly unfair for the trial court to pass upon such accusations.

■ The petitioner's general contention is without merit. The majority of federal circuit courts of appeal have ruled that it is not error for the trial judge to refuse to recuse himself from considering a post-conviction motion simply because he presided during the trial or guilty plea of the movant. See, e. g., Lucero v. United States, 425 F.2d 172, 173 (10th Cir. 1970). Implicit in such rulings is the conclusion that due process is not denied when the sentencing judge also hears motions for post-conviction relief. I conclude, therefore, that proceedings under § 974.06 are not constitutionally defective, and do not deprive the petitioner of an adequate state remedy.

■ As to the potential inadequacy of § 974.06 in light of the alleged involvement of the trial judge, Wisconsin has interpreted § 974.06 to permit review by a judge other than the trial judge under certain circumstances. Both the respondent and the petitioner recognize that a different judge should hear a § 974.06 motion when the actual prejudice of the sentencing judge can be demonstrated or when the judge is a material witness to the controversy. See Rahhal v. State, 52 Wis.2d 144, 150, 187 N.W.2d 800 (1971). In my opinion, the existence of exceptions to the general rule that the § 974.06 motion is to be heard by the sentencing court, renders the § 974.06 procedure entirely adequate

for the adjudication of the petitioner's claims.

■ Next, the petitioner urges that the potential for undue delay in adjudicating his claims in the course of § 974.-06 proceedings and a subsequent appeal to the Wisconsin supreme court makes state post-conviction relief inadequate for exhaustion purposes. I find this argument to be unconvincing.

This is the petitioner's theory: (1) Wisconsin supreme court chief justice Horace W. Wilkie, in his 1974 state of the judiciary address, observed that there is a one year backlog of cases on appeal to the supreme court; (2) former chief justice Hallows stated in a dissent that the § 974.06 procedure "adds more delay . . . to the determination of the petition" and that § 974.06 has been criticized because "the petitions are not expeditiously being determined by the trial courts," Peterson v. State, *supra*, 54 Wis.2d at 386–87, 195 N.W.2d at 848; and (3) therefore, because there will be a delay of at least one year in adjudicating a § 974.06 motion, the delay is unreasonable, thus permitting this remedy to be bypassed. Smith v. Kansas, 356 F.2d 654, 656 (10th Cir. 1966), cert. denied, 389 U.S. 871, 88 S.Ct. 154, 19 L.Ed.2d 151 (1967); Dixon v. Florida, 388 F.2d 424, 425 (5th Cir. 1968).

There are a number of difficulties with this theory which invalidate it entirely. First, it is based upon a *potential* delay. Both the *Smith* and *Dixon* cases upon which the petitioner relies involved instances where state post-conviction relief was actually sought and the state court had failed to act.

Secondly, the statements of the two Wisconsin supreme court justices noted above do not establish the petitioner's allegation that the § 974.06 procedure in most instances is fraught with intolerable delay.

Thirdly, the principal delay of which the petitioner complains occurs in the

appeal after *denial* of the § 974.06 motion by the lower court; he is unable to argue persuasively that a significant delay will obtain in the trial court. Thus he relies on the unwarranted assumption that his motion (and that of others) will be denied virtually as a matter of course.

Finally, were this court to subscribe to the petitioner's theory, § 974.06 would be ineffective for any Wisconsin prisoner seeking post-conviction relief. On the record before me, the petitioner has fallen far short of the showing necessary to support such a result.

Although the petitioner claims to fall within the "special circumstances" exception of Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952) and Brown v. Allen, 344 U.S. 443, 73 S. Ct. 397, 97 L.Ed. 469 (1953), I find no circumstances in this case for permitting the petitioner to circumvent available state procedures.

The petitioner has made serious allegations going to the integrity of state process. However, there exists an available state procedure to allow the state to review alleged activities of its officers which may have adversely affected the constitutional rights of the petitioner.

Furthermore, those of the claims in the petition which do question the integrity of official conduct have not been before any Wisconsin court for review in their current posture. Thus, the petitioner is unable to show that the possibility for state review is in any sense remote. I conclude, then, that early federal intervention is unnecessary and that comity between state and federal courts would be better served by permitting Wisconsin the first opportunity to review the questions presented by this petition.

Therefore, it is ordered that the petition for habeas corpus be and hereby is denied.