# COURT OF APPEALS
# DECISION
# DATED AND FILED

## August 20, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

| | |
|---|---|
| **Appeal No.  2019AP804-CR** | **Cir. Ct. No.  2016CF167** |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS DISTRICT IV** |

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

JUSTIN L. DOUGLAS,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Dodge County:  JOSEPH G. SCIASCIA, Judge.  *Affirmed*.

Before Blanchard, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Justin Douglas appeals a judgment of conviction and an order denying his motion for postconviction relief.  On the day scheduled for trial, the circuit court made decisions that would have led to Douglas going to trial in jail clothing and with visible restraints.  Shortly thereafter, Douglas accepted the State's plea offer and pled no contest to one count of expelling bodily substance by a prisoner.  Douglas now argues that he should be permitted to withdraw his no-contest plea on the ground that it was coerced by the circuit court's pretrial rulings.  The dispositive issue is whether Douglas has shown a legal basis for withdrawing his plea.  We conclude that he has not, and we therefore affirm.

¶2    After sentencing, a defendant may withdraw a no contest plea only upon a showing of "manifest injustice."  *State v. Brown*, 2006 WI 100, ¶18, 293 Wis. 2d 594, 716 N.W.2d 906.  One way to meet this burden is to show that the plea was not knowing, intelligent, or voluntary.  *Id.*

¶3    Douglas argues that his plea was coerced, and therefore involuntary, because the court's pretrial decisions would have resulted in an unfair trial, leaving him no reasonable alternative but to accept the State's offer.  However, Douglas does not cite any case law to support the proposition that pretrial decisions like this can be considered a form of coercion that renders a plea involuntary.  Nor does he explain how his argument is consistent with the guilty plea waiver rule, discussed below.

¶4    Douglas' use of "reasonableness" as the pertinent test appears to be drawn entirely from a single sentence in *State v. Rahhal*, 52 Wis. 2d 144, 187 N.W. 2d 800 (1971).  In that case, Rahhal sought to withdraw his plea on the ground that the trial judge threatened him with a greater sentence if he went to trial

instead of accepting a plea offer. *Id.* at 151-52. Our supreme court agreed that such a threat would be coercive, but concluded that the record did not show such a threat was made. *Id.* In conclusion, the court stated: "When the defendant is not given a fair or reasonable alternative to choose from, the choice is legally coerced. This record does not show any basis for a claim of a differential sentencing or other coercion." *Id.*

¶5 *Rahhal* does not stand for the proposition that a pretrial ruling can be considered a form of coercion simply because the defendant believes that it was "unreasonable." A threat to impose a higher sentence is not the same thing as a pretrial ruling about how the trial will be conducted.

¶6 Although Douglas argues that an unreasonable pretrial ruling can be coercive, he does not explain how we would measure the reasonableness or coerciveness of pretrial rulings. It would be untenable for Douglas to argue that legally sound pretrial decisions can be unreasonable and coercive, because then potentially every guilty plea could be withdrawn if made after an unfavorable pretrial ruling. Instead, it seems clear from his argument that he is claiming the court's pretrial decisions here were unreasonable because they were legally unsound.

¶7 The State accurately points out that Douglas waived his right to review of most pretrial decisions, including decisions that are legally unsound, by pleading guilty. Under the guilty plea waiver rule, with certain exceptions, a defendant who pleads no contest to charges waives the right to raise almost all claims of constitutional error on appeal. *See State v. Kelty*, 2006 WI 101, ¶18 & n.11, 294 Wis. 2d 62, 716 N.W.2d 886; *County of Racine v. Smith*, 122 Wis. 2d 431, 434, 362 N.W.2d 439 (Ct. App. 1984). If we were to review the soundness of

3

the circuit court's pretrial decisions, conclude they were unsound, and allow Douglas to withdraw his plea and return to his pre-plea status, the result would be indistinguishable from a direct review of those decisions. In other words, in its practical effect, Douglas's coercion argument, if considered, would circumvent the guilty plea waiver rule.

¶8  Douglas does not have any reply to this point, other than to assert that we "need not overturn the circuit court's rulings or decide an issue that was waived by Mr. Douglas' guilty plea." Yet, substantial portions of his opening and reply briefs are devoted to arguing those issues. If we need not decide them, it is not clear why those arguments are in the briefs. Douglas cannot have it both ways. Either we need not decide those issues, which would then leave us with no other suggested measurement to conclude that the pretrial decisions were "unreasonable," or we must decide those issues, in which case Douglas will have successfully evaded the guilty plea waiver rule.

¶9  Douglas also argues that the pretrial rulings in his case should be treated differently than other pretrial decisions because they created a risk of jury bias and disregard for the presumption of innocence. However, he cites no legal authority for the proposition that the analysis above would change depending on the nature of the pretrial decision that is claimed to be coercive.

¶10  In short, Douglas has not shown that there is any legal authority under which a defendant is permitted to claim that a court's pretrial rulings, whether legally sound or unsound, reasonable or unreasonable, are a form of coercion that would allow a defendant to withdraw a guilty plea entered after those rulings. His legal theory appears to be inconsistent with the guilty-plea waiver rule, and he does not attempt to reconcile the two. Accordingly, we conclude that

4

he has not shown a legal basis for his postconviction motion, and we do not further consider his arguments about the soundness of the court's pretrial rulings.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).