DAY, Plaintiff in error, v. STATE, Defendant in error.

*No. State 85. Argued June 3, 1971.—Decided June 25, 1971.*
(Also reported in 187 N. W. 2d 790.)

For the plaintiff in error there was a brief and oral argument by *Francis R. Bannen* of Wisconsin Dells.

For the defendant in error the cause was argued by *William F. Eich,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HALLOWS, C. J. Day admits he has no right to reversal but asks that a new trial be granted in the interest of justice because his conviction was based on evidence obtained under allegedly invalid search warrants. He made no timely motion to suppress this evidence and did not object to its admissibility at the trial. In his second reason for reversal he argues the complaint, upon which he was arrested, was not grounded upon probable cause. This challenge to the sufficiency of the complaint was not raised by Day before pleading not guilty to the information.

Although Day argues the search warrants are invalid because of the failure to show the premises searched were in his exclusive possession and because of the insufficiency of the identification of items, we do not reach the merits of such contentions. The attempt to raise this issue runs afoul of sec. 955.09 (3), Stats. 1967, which provided that defenses and objections based on the use of illegal means to secure evidence, except confessions, must be raised before trial or be deemed waived. This section serves a legitimate state interest and therefore its waiver provision is not constitutionally ob-

jectionable. *State v. McDonald* (1971), 50 Wis. 2d 534, 537, 184 N. W. 2d 886; *see Henry v. Mississippi* (1965), 379 U. S. 443, 85 Sup. Ct. 564, 13 L. Ed. 2d 408.

Had this challenge been made prior to trial, testimony could have been taken on the issue and if Day were correct the trial might have been avoided unless the state had other evidence sufficient to convict. But at this stage of the proceedings on appeal, we are limited to the evidence in the record. We are not inclined to allow defendants in criminal actions to retry their cases after conviction on the ground that in the interest of justice a valid waiver should be set aside. The statute provides for an expedient and efficient remedy to cull out inadmissible evidence before trial and its purpose should not be frustrated by exceptions and second guesses. There is no basis in the interest of justice in this case for making an exception regardless of the merits of the objections.

Much of what has been said also applies to the second argument of Day concerning the sufficiency of the basis for the issuance of the complaint. It is quite true that under the rule of *State ex rel. Cullen v. Ceci* (1970), 45 Wis. 2d 432, 173 N. W. 2d 175, a meritorious argument is made that the source and reliability of the facts alleged on information and belief are not satisfactorily established. This information we have said must appear either on the face of the complaint or in affidavits or in the transcript of the testimony of the hearing for the issuance of the complaint, "specifically incorporated by reference in the complaint and made a part of it . . . ." *State v. Williams* (1970), 47 Wis. 2d 242, 252, 177 N. W. 2d 611; *see also State ex rel. Cullen v. Ceci, supra; State ex rel. Evanow v. Seraphim* (1968), 40 Wis. 2d 223, 229, 161 N. W. 2d 369.

While it may be argued the court had no personal jurisdiction over Day based on this complaint and he would have been discharged from custody if objection

had been timely made, nevertheless he submitted to the jurisdiction of the court when he did not raise the objection before or at the time he pleaded to the information. This rule of waiver has been applied to arrest warrants, *State ex rel. La Follette v. Raskin* (1966), 30 Wis. 2d 39, 49, 139 N. W. 2d 667; *Alston v. State* (1966), 30 Wis. 2d 88, 100, 140 N. W. 2d 286, and applies equally well to a defect in or to an objection to the sufficiency of the complaint, *Galloway v. State* (1966), 32 Wis. 2d 414, 418, 145 N. W. 2d 761, 147 N. W. 2d 542. Consequently, whether or not the court had jurisdiction at the time of Day's arrest, it did have jurisdiction to try him and the judgment of conviction and sentence was entered while the court had jurisdiction and without any objection.

With the current tremendous increase of appeals, this court does not have the time or inclination to spend time considering objections resulting from finecombing the record and second thoughts which might have been raised in the trial court but were waived excepting in most unusual circumstances which go directly to the issue of guilt. In saying this, we have not overlooked *Henry v. Mississippi, supra.*

Finally, Day argues error was committed because no record was kept of the argument to the jury. No such request was made and sec. 256.55 (3), Stats., specifically provides opening statements and closing arguments are reported only at the request of a party or order of the court. The validity of this section has been upheld. *State v. Christopherson* (1967), 36 Wis. 2d 574, 153 N. W. 2d 631; *Price v. State* (1967), 37 Wis. 2d 117, 154 N. W. 2d 222; and *Jandrt v. State* (1969), 43 Wis. 2d 497, 168 N. W. 2d 602. We see no reason to require as a matter of law that a court should order the arguments reported sua sponte in all cases.

This case is not an appropriate one for this court's exercise of its discretionary reversal powers under

sec. 251.09, Stats. No facts have been advanced to show there has been a probable miscarriage of justice and no showing made that a new trial would probably result in acquittal. *Lock v. State* (1966), 31 Wis. 2d 110, 118, 142 N. W. 2d 183.

*By the Court.*—Judgment and order affirmed.