PETERSON, Plaintiff in error, v. STATE, Defendant in error.

*No. State 185. Argued March 2, 1972.—Decided March 30, 1972.*
(Also reported in 195 N. W. 2d 837.)

For the plaintiff in error there were briefs and oral argument by *James H. McDermott,* state public defender.

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

WILKIE, J. The public defender raises 11 alleged errors on the part of the trial court, each of which error was never presented to the trial court. These alleged errors fall into three categories:

1. Four are asserted raising questions concerning the jurisdiction of the trial court to take the guilty pleas.

2. One alleged error questions the procedure followed by the trial court when considering defendant's postconviction motion made under sec. 974.06, Stats.

3. The remaining alleged errors involve the trial court's acceptance of the guilty pleas.

This court has often stated the basic rule that unless the error involves some constitutional claim as a matter of right to the appellant, this court will not consider errors which were not presented below.[1] None of the alleged errors urged here are of constitutional dimensions.

This court has held, however, that in unusual circumstances, in its discretion, it will review such errors[2] where the error goes directly to the issue of guilt.[3] In the circumstances of the present case we choose to consider the first four alleged errors raised by the public defender because they all arguably go to the trial court's jurisdiction. We also choose to consider the error claimed

---

[1] *Cf. State v. Clarke* (1970), 49 Wis. 2d 161, 174, 181 N. W. 2d 355.

[2] *State v. Schneidewind* (1970), 47 Wis. 2d 110, 120, 176 N. W. 2d 303.

[3] *Day v. State* (1971), 52 Wis. 2d 122, 125, 187 N. W. 2d 790.

in the trial court's procedure in considering the sec. 974.06, Stats., motion because it raises fundamental questions concerning that procedure which are of general application throughout the state. And finally, we choose to consider the remaining alleged errors regarding the acceptance of the guilty pleas because each of these alleged errors has no merit and this court is anxious to spare the trial court a new motion under sec. 974.06, which would only present points for its consideration and which, after denial for no merit, would merely cause another appeal here on matters which can be disposed of at this point.

*Jurisdiction.*

A. *Time of filing amended information.* The defendant entered his guilty pleas to the amended (consolidated) information before such amended information was formally received or filed with the court. The public defender asserts that this fact violates sec. 971.09 (3), Stats., and thereby deprives the trial court of jurisdiction to accept the pleas.

Sec. 971.09 (3), Stats., provides:

"The district attorney shall file the information in any court of his county having jurisdiction to try or accept a plea of guilty to the most serious crime alleged therein as to which, if alleged to have been committed in another county, the district attorney of that county has executed a consent as provided in sub. (2). The defendant then may enter a plea of guilty to all offenses alleged to have been committed in the county where the court is located and to all offenses alleged to have been committed in other counties as to which the district attorney has executed a consent under sub. (2). Before entering his plea of guilty, the defendant shall waive in writing any right to be tried in the county where the crime was committed. The district attorney of the county where the crime was committed need not be present when the

plea is made but his written consent shall be filed with the court."

Here the court first ascertained that the plea to each of the charges was voluntary and then ordered the amended complaint received and filed. While such a procedure may be a technical violation of the statute, by not raising the point in the trial court, the defendant and his trial counsel waived this late filing. Following the colloquy between defendant and the court relating to the voluntariness of the pleas to the amended (consolidated) information, the following appears of record:

*"Court:* Do you object at this time to the court receiving the amended information which has just been read to you?
*"Defendant:* No.
*"Court:* Do you ask the court to accept the amended information?
*"Defendant:* Yes.
*"Court:* Mr. Ott [defense counsel], do you object to the amended information being filed and received by this court at this time, as well as the said waivers and consent?
*"Mr. Ott:* No, your Honor."

Thus, any error was clearly waived. Additionally, the trial court here corrected any error which might have occurred by again questioning defendant about his plea after the amended information was filed and received.

The public defender argues that the circuit court in this case did not have jurisdiction of the consolidated offenses because it accepted the pleas before receiving the amended information. Under sec. 971.09, Stats., the district attorneys of the counties in which the crimes were committed consent to the acceptance of the pleas in the county where the most serious offense took place. In this case that was done prior to the acceptance of the pleas. Moreover, defendant waived the right to

be tried in the counties in which the crimes took place; this too prior to the date the pleas were entered. Thus the court had jurisdiction to accept the consolidated plea.

Sec. 971.26, Stats., provides:

> **Formal defects.** No indictment, information, complaint or warrant shall be invalid, nor shall the trial, judgment or other proceedings be affected by reason of any defect or imperfection in matters of form which do not prejudice the defendant."

In this case the alleged errors are formal and do not prejudice defendant in any way.

B. *Failure to prepare an amended information.* The public defender next contends that because the district attorney did not issue an amended information charging all the crimes in all four counties, the consent given by the district attorneys of Waukesha, Chippewa, and Eau Claire counties is invalid. Again, we must point out that this assertion was not raised prior to trial and is deemed waived pursuant to sec. 971.31 (2), Stats. Also this asserted error did not prejudice the defendant and, as provided by sec. 971.26, does not make the proceedings here invalid.

Sec. 971.09 (2), Stats., does require that prior to seeking the approval and consent of the other district attorneys, the district attorney of the county in which the pleas will be accepted shall prepare an information charging all of the consolidated charges. The failure to follow this procedure would not, however, invalidate the consolidation if there was an actual consent by the district attorneys involved and a waiver by the defendant. These elements are present in this case.

The public defender also contends that because the consents signed by the district attorneys referred to the predecessor statute, sec. 956.01 (13), Stats. 1967, the consents are not valid. Inasmuch as the new statute

is simply a renumbering of sec. 956.01 (13) in the 1967 statutes, this argument falls of its own weight.

C. *Validity of pleas to Eau Claire county charges.* The public defender argues that despite the fact that these pleas were accepted in the circuit court for Milwaukee county, charges are still pending against defendant in Eau Claire county for these same charges. The suggestion is made that this deprived the circuit court for Milwaukee county of jurisdiction over the Eau Claire offenses. Sec. 971.09 (5), Stats., provides that when there is a consolidation of charges, the charges should be dismissed in the county where the crime was committed. The failure to follow the statute does not, however, deprive the court where the plea is accepted of jurisdiction. Quite obviously, once the plea is accepted the defendant cannot be made to stand trial on the same charges in the county of the offense. Such duplicity would constitute double jeopardy, forbidden by both the state and federal constitutions.

D. *Failure of the Eau Claire consent to indicate crime of escape.* The public defender contends that although the application for consolidation signed by the defendant included both the Eau Claire county escape and forgery charges, the consent signed by the district attorney mentions only the forgery charge and makes no reference to the escape charge. The provisions of sec. 971.09 (2), Stats., do not require that the district attorney enumerate the charges to which he is consenting, and in the present case the application signed by defendant included both the forgery and escape charges. The omission of the word "escape" is, in all probability, a clerical error.[4] In any event, this error was not made known before trial as required, nor does it work a prejudice to the

[4] *Cf. Burkhalter v. State* (1971), 52 Wis. 2d 413, 422, 190 N. W. 2d 502.

defendant. Additionally, a letter appears in the file submitted by the public defender demonstrating that the court in Eau Claire was cognizant that all of the charges were disposed of in Milwaukee. The error is technical and simply a clerical error.

*Procedure for postconviction motion.*

The postconviction motion statute, sec. 974.06, Stats., provides that when a prisoner submits such a motion to the trial court the court should follow a procedure provided in sub. (3). That subsection provides:

"Unless the motion and the files and records of the action conclusively show that the prisoner is entitled to no relief, the court shall:

"(a) Cause a copy of the notice to be served upon the district attorney who shall file a written response within the time prescribed by the court.

"(b) Appoint counsel pursuant to s. 971.01 (6) [970.02 (6)], if, upon the files, records of the action and the response of the district attorney it appears that counsel is necessary.

"(c) Grant a prompt hearing.

"(d) Determine the issues and make findings of fact and conclusions of law. . . ."

The public defender asserts that in this case the trial court automatically appointed counsel to represent defendant without first concluding that the file did not show conclusively that the prisoner was entitled to no relief and without first requiring a response from the district attorney. While these assertions are not supported by the record, the public defender contends that the circuit court in this case adopted a procedure whereby the appointed counsel would function as does the appointed counsel in this court in criminal appeals. That is, the attorney would decide if the motion had merit. If it had merit, the attorney would brief and argue

the motion; if the motion appeared frivolous the attorney would brief and argue his conclusion that there was no merit to the motion. Thus it would appear that the circuit court has adopted an *Anders* [5] procedure for motions made under the postconviction procedure statute, sec. 974.06, Stats.

The public defender contends that this procedure is improper because under *Anders* the appointed attorney cannot be made an amicus curiae. It is argued that under the procedure followed in this case the attorney became an adviser to the court but not an advocate. What the public defender does not consider, however, is the procedure under *Anders* in which an attorney decides that there is no merit to a case. Then the counsel must advise the court of that conclusion. What *Anders* requires is that the final decision be made by the court after an independent review of the record. [6] Thus, if the trial court, as here, desires to appoint counsel to study the record, it is proper as long as the final decision as to the merits of the motion is determined by the court after an independent review of the record, and not by the court-appointed attorney. In this case the trial court made the ultimate decision on the record with sufficient particularity and entered an order denying the motion.

*Appeal procedure on denials of postconviction motions.*

When an indigent criminal defendant wishes to appeal his conviction, this court will appoint counsel for that defendant to pursue the appeal as a matter of right. It is often necessary for appellate counsel to go back into the trial court to make the traditional motions for a new trial based upon insufficiency of the evidence,

---

[5] *Anders v. California* (1967), 386 U. S. 738, 87 Sup. Ct. 1396, 18 L. Ed. 2d 493.

[6] *Id.* at page 744.

errors on admission of evidence, and other errors relating to jury instructions or procedure. The appeal is then taken both from the judgment of conviction and the order denying the motion for a new trial.

The postconviction motion under sec. 974.06, Stats., is not a substitute for a motion for a new trial. A sec. 974.06 motion can be made only after the defendant has exhausted his direct remedies which consist of a motion for a new trial and appeal. A sec. 974.06 motion is limited in scope to matters of jurisdiction or of constitutional dimensions.[7] The motion must not be used to raise issues disposed of by a previous appeal.[8] Fundamentally, the motion was authorized as a substantial replacement for the petition for habeas corpus in this court. Matters which usually were presented by petition for habeas corpus to this court now are covered by the sec. 974.06 postconviction motion to the trial court. A petition for habeas corpus can still be presented to this court, but not until the procedure under sec. 974.06 has been exhausted, or is not applicable.[9] Such issues as sufficiency of the evidence, jury instructions, error in admission of evidence, and other procedural errors cannot be reached by a sec. 974.06 motion.[10] Henceforth this court will appoint counsel to represent indigent defendants who wish to appeal the denial of a sec. 974.06 motion only when, in the court's discretion, the issues raised by the 974.06 motion are properly within the

[7] State v. Langston (1971), 53 Wis. 2d 228, 191 N. W. 2d 713.

[8] See Annot. (1972), Vacating Sentence—Prior Consideration, 10 A. L. R. Fed. 724, 733, sec. 3 [a].

[9] Sec. 974.06 (8), Stats.

[10] The question of sufficiency of evidence was reached on a habeas corpus proceeding here in the recent case of State ex rel. Kanieski v. Gagnon ante, p. 108, 112, 113, 194 N. W. 2d 808. This was possible under the unusual circumstances of that case in which the scope of habeas corpus was expanded to include that question.

scope of that motion and appear to have some arguable merit.

Because a defendant's rights under sec. 974.06, Stats., are much more limited than his rights on direct appeal, we now emphasize that the trial court is obligated in all cases to inform the defendant of his right to appeal from the conviction—whether after a plea of guilty or after trial. While this court has not heretofore required that the trial court inform the defendant of his right to appeal, the Court of Appeals for the Seventh Federal Circuit has made this requirement,[11] as does the American Bar Association Project on Standards for Criminal Justice.[12] We point out that the Wisconsin Criminal Jury Instructions include the information which should be given a convicted criminal defendant in relation to his appeal rights.[13]

If a defendant has not been informed of his right to appeal from the conviction, and if he does not, in fact, bring an appeal, then this court will allow the defendant to pursue a late appeal and will appoint counsel for the defendant who, if he finds merit in the defendant's case, should make the traditional motions for a new trial in the trial court as if the appeal were timely. However, when the defendant has been informed of his appeal rights, or when he has actually appealed the conviction, he will not have the right to court-appointed appellate counsel on a denial of a 974.06 motion even if he has not appealed his conviction. Such appointment, as noted above, will be within the discretion of this court. Finally,

[11] *United States ex rel. Singleton v. Woods* (7th Cir. 1971), 440 Fed. 2d 835.

[12] *Standards Relating to Criminal Appeals* (Approved Draft, 1970), p. 9, sec. 2.1 (b).

[13] Wis J I—Criminal, Part I (Supplemental Service, Revised October, 1971), SM–33, *Requirement that the Trial Court Advise Convicted Persons of Their Right to Appeal Upon Conviction and Sentencing Following a Trial or a Plea.*

we believe that once counsel has been appointed by this court to represent a defendant on appeal that attorney, if he believes that the defendant's case has merit, has the obligation of going back into the trial court, either by way of a motion for a new trial, a motion to withdraw a plea of guilty, or a postconviction motion under sec. 974.06, in order to raise any possible error. This court has indicated repeatedly that it will not review errors raised for the first time in the supreme court. The availability of a motion for a new trial or a postconviction motion affords counsel completely adequate procedures for raising error in the lower court; there is no reason for not making such a motion before appealing to this court.

### Acceptance of guilty pleas.

All of the alleged errors are entirely without merit.

A. *Failure to ascertain defendant's education and comprehension.* The public defender first asserts that the trial court failed to fulfill the first *Ernst* [14] requirement "To determine the extent of the defendant's education and general comprehension." This court has previously indicated that the *Ernst* requirements do not impose upon the trial court inflexible guidelines when accepting a guilty plea. [15] In the present case, while the court did not specifically inquire as to defendant's education, the court did question defendant at length about the charges, and the defendant freely testified about those charges. It is apparent from the record that defendant had sufficient education and comprehension to enter the

[14] *Ernst v. State* (1969), 43 Wis. 2d 661, 674, 170 N. W. 2d 713.

[15] *Martinkoski v. State* (1971), 51 Wis. 2d 237, 186 N. W. 2d 302; *Burkhalter v. State, supra,* footnote 4, at page 422.

pleas of guilty. As pointed out in *Burkhalter*,[16] when the record demonstrates that the plea was knowingly made, the *Ernst* requirements are met.

B. *Failure to ascertain defendant's understanding.* In *McAllister v. State* [17] this court recently indicated that when the record is totally silent as to the defendant's understanding of the charges against him such plea is not knowingly made. In the present case it is asserted that the court failed to ascertain defendant's understanding of counts 1, 2, 3, 6, 7, and 8. Unlike *McAllister*, all of the charges here are simple and furthermore in each instance the court asked defendant if he was guilty of the crime charged. On the record there was testimony taken from the police officers who testified to the crimes in some detail. Following this testimony the defendant was asked if he understood the testimony of the officers, if it was true, and if he desired to make any statements. Thus we are satisfied that in the present case, as contrasted with *McAllister*, the court asked the defendant if he understood the charges which had been explained.

C. *Failure to inform the defendant as to the range of punishment for count 7.* On the record the court fully explained to the defendant that it might sentence the defendant on all charges consecutively and specifically explained to the defendant that "the court could sentence you to an indeterminate term of up to seventy-one years." As such there is no question that it fully informed the defendant as to the range of punishment on all counts, including count 7.

D. *Factual basis for the charge of operating without the owner's consent.* The public defender alleges that there was not an adequate factual basis for the plea taken on count 2, "operating vehicle without owner's consent" for two reasons: First, that while the in-

[16] *Supra*, footnote 4.
[17] Ante, p. 224, 194 N. W. 2d 639.

formation indicated that the vehicle belonged to "Vivian Rae Nelson," at trial the reporter recorded the name as "Vivia Rynelson;" second, there is no proof that the crime took place in Chippewa county.

As to the first reason, the varying name is obviously the result of the court reporter misunderstanding the name of the car owner. As to the second point, the court indicated to the defendant that the charge was from the Chippewa county district attorney and the information, which had been read to the defendant, indicated that the crime occurred in Chippewa county. No one asserts that the crime did not occur in Chippewa county; the factual basis to accept the guilty plea is adequate.

E. *Factual basis for Chippewa county forgery charge.* As to count 3, forgery in Chippewa county, the public defender indicates that the factual basis was inadequate because the testimony was that the forgery occurred in a food market in the town of LaFayette. The public defender argues that there was an inadequate factual basis for the plea because there was no proof that the crime occurred in the town of LaFayette located in Chippewa county. The purpose of ascertaining a factual basis for a plea is to make certain that the defendant is pleading guilty to a crime he committed.[18] The technical argument advanced by the public defender is not germane when the issue is the factual basis for the guilty plea which was made here by the defendant when he admitted to passing a forged check as charged in the information in the town of LaFayette in Chippewa county. That is all that was required and there was sufficient factual basis for taking the plea on this charge.

[18] *See* American Bar Association Project on *Minimum Standards for Criminal Justice, Pleas of Guilty* (Approved Draft, 1968), pp. 30–33, sec. 1.6 and commentary. *See also: Cross v. State* (1970), 45 Wis. 2d 593, 600, 173 N. W. 2d 589.

F. *Failure to prove value of items stolen.* The public defender questions the factual basis for taking the plea as to the theft charge in that the value of the two radar ranges stolen by the defendant was not shown to have been $1,000 as alleged in the information. Under the theft statute, sec. 943.20 (3) (b), the only possible prejudice would be if the goods stolen were of a value less than $100. The police officers testified that the defendant took two new radar ranges; this was sufficient to demonstrate that the value exceeded $100.

G. *Other errors.* Two final errors are raised by the public defender: First, that the address of the warehouse involved in count 5 was stated as 13380 Carmen avenue in the information, but was testified to as 12380 Carmen avenue; and second, that the police officer incorrectly identified the date of the forgery alleged in count 8.

In *Burkhalter* [19] similar arguments raised by the public defender about inconsistent dates were considered "fanciful." The errors raised are trivial and could not by any stretch of the imagination prejudice defendant.

*By the Court.*—Order affirmed.

HALLOWS, C. J. *(concurring).* I have misgivings about the procedure used by the trial court to hear the postconviction petition under sec. 974.06, Stats. Based upon my experience, I conclude this procedure adds more delay and confusion to the determination of the petition and causes frustration of the defendant. There is no state-wide uniform system on the trial level for hearing postconviction petitions. No time limit is placed upon the attorney as to when he should make a report and as I understand it he is not paid for his services. If such an attorney makes a no-merit report, the trial court must do what it was supposed to do in the first place,

[19] *Supra,* footnote 4, at page 422.

make its own determination from the motion files and records under sec. 974.06 that the motion is conclusively without merit. If it has possible merit, the court must again appoint an attorney to prosecute the petition and wait for a response from the district attorney. The court is also under the duty to grant a prompt hearing. Sec. 974.06 (3) (c).

The procedure of handling the petition under sec. 974.06, Stats., is in an experimental stage. The criticism so far is that the petitions are not expeditiously being determined by the trial courts and that the petitioners are not being notified of what is happening to their petitions. There seems to be a total lack of communication between the petitioners, the trial court, the clerks of court, and appointed counsel. This court has had several applications for mandamus against trial judges to determine these petitions expeditiously and I do not think farming them out to attorneys who are not on the staff of the judge improves the efficiency of determining the petitions.

One possible help for the trial judges is to hire part-time legal assistants, which is being done in some parts of Wisconsin with the assistance of LEAA funds.