2014 WI 91



OFFICE OF THE CLERK

# Supreme Court of Wisconsin

**110 EAST MAIN STREET, SUITE 215**
**P.O. BOX 1688**
**MADISON, WI 53701-1688**

TELEPHONE (608) 266-1880
FACSIMILE (608) 267-0640
Web Site: www.wicourts.gov

July 24, 2014

**To:**

Hon. Kevin E. Martens
Circuit Court Judge
Safety Building Courtroom, # 502
821 W. State Street
Milwaukee, WI 53233-1427

Robert R. Henak
Henak Law Office, S.C.
316 N. Milwaukee St., Ste. 535
Milwaukee, WI 53202

John Barrett
Clerk of Circuit Court
Room 114
821 W. State Street
Milwaukee, WI 53233

Sarah K. Larson
Assistant Attorney General
P. O. Box 7857
Madison, WI 53707-7857

Karen A. Loebel
Asst. District Attorney
821 W. State St.
Milwaukee, WI 53233

You are hereby notified that the Court has entered the following order:

---

2010AP425                State v. Tramell E. Starks                LC # 2006CF450

The court having considered the **Motion for Reconsideration** filed in the above matter,

**IT IS ORDERED** that the Motion for Reconsideration is denied, without costs.

---

Diane M. Fremgen
Clerk of Supreme Court

¶1 SHIRLEY S. ABRAHAMSON, C.J. *(concurring)*. The State's and the defendant's motions for reconsideration have been pending in this court for nearly a year. They have obviously troubled the court.

¶2 The State and the defendant, opposing parties that generally do not see eye-to-eye on legal or factual issues, agree for the most part in their reconsideration motions. They agree, as do I, that this court erred in the Starks majority opinion in discussing and deciding basic "bread and butter issues," issues that arise frequently in circuit courts and the court of appeals and require clarity for all litigants.

¶3 I would not have a full-blown reconsideration of the Starks case. I would, however, have the court revise the Starks opinion in a per curiam response to the motions, as has been our practice in other cases when the court needs to revise an opinion.

¶4 Correcting the majority's errors in Starks is important even though defendant Starks may not benefit from any correction of the Starks majority opinion. Indeed both the State's and the defendant's motions acknowledge that Mr. Starks will not personally benefit from their motions.

¶5 The court's lengthy discussion of criminal post-conviction and appeal procedure in the Starks majority opinion affects more than the defendant, Starks. It is precedential for all cases and all courts. In their motions for reconsideration, both counsel are acting as officers of the court in seeking

reconsideration and clarification of the opinion, as well as adversary counsel. They should be commended.

¶6 The Starks opinion needs modification. I am concerned that unless a reader is familiar with the State's and the defendant's well-reasoned motions to reconsider the Starks majority opinion, the reader may not fully understand the nature of the errors in the Starks majority opinion and the needed corrections. I have therefore attached to this concurrence a copy of both the State's and defendant's motions to assist the reader.

¶7 Other cases raising issues addressed in Starks will come before this court. I would prefer that modifications to the Starks majority opinion be done in a per curiam opinion on the motions to reconsider now rather than piecemeal in other cases.[1]

¶8 For the reasons set forth, I cannot join the order that denies the motions for reconsideration and fails to modify the Starks opinion.

---

[1] See, e.g., Kyles v. Pollard, 2014 WI 38, ___ Wis. 2d ___, ___ N.W.2d ___; State v. Romero-Georgana, 2014 WI 83, ___ Wis. 2d ___, ___ N.W.2d ___.

APPENDIX A

STATE OF WISCONSIN

IN SUPREME COURT

FILED

JUL 3 0 2013

CLERK OF SUPREME COURT
OF WISCONSIN

No. 2010AP425

STATE OF WISCONSIN,

Plaintiff-Respondent,

v.

TRAMELL E. STARKS,

Defendant-Appellant-Petitioner.

MOTION FOR RECONSIDERATION

Plaintiff-respondent State of Wisconsin, by its undersigned attorneys, moves this court, under Wis. Stat. § (Rule) 809.64, for reconsideration of its July 12, 2013 opinion in *State v. Starks*, 2013 WI 69, ___ Wis. 2d ___, ___ N.W.2d ___.

The State does not seek to change this court's mandate or its "clearly stronger" pleading standard, but respectfully seeks to modify or clarify paragraphs where the State believes controlling statutory language and legal

precedent have been overlooked, or significant facts have been misconstrued, creating the potential to confuse litigants, bench, and bar.

## *PETERSON* LANGUAGE

First, the State seeks to modify paragraph 41 by adding the controlling statutory language from Wis. Stat. § 974.06 and deleting the language from *Peterson v. State*, 54 Wis. 2d 370, 381, 195 N.W.2d 837 (1972). Paragraph 41 suggests that a defendant must "exhaust[] his direct remedies," including filing a direct appeal, before he may file a Wis. Stat. § 974.06 postconviction motion.

This court's previous decisions make clear, however, that defendants are not required to exhaust their direct appeal remedies as a condition predicate to filing later Wis. Stat. § 974.06 motions. *See, e.g., State v. Balliette*, 2011 WI 79, ¶ 36, 336 Wis. 2d 358, 805 N.W.2d 334.

Further, the cited language from *Peterson*—a 1972 case—was modified by Wis. Stat. § 974.06 itself, when the current statutory language was added in 1977. *See* 1977 Wisconsin Act 187, § 130 (adding language "After the time for appeal or post-conviction remedy provided in s. 974.02 has expired").

- 2 -

This court alludes to the correct statutory language in paragraph 41, but the court's inclusion of the *Peterson* language could create unintended consequences by requiring defendants to exhaust their direct appeal remedies before filing Wis. Stat. § 974.06 motions. Accordingly, the State requests that this court modify paragraph 41 by adding the current statutory language from Wis. Stat. § 974.06(1)—"After the time for appeal or postconviction remedy provided in s. 974.02 has expired"—and deleting the *Peterson* language.

## FORUM

Second, the State seeks to modify all paragraphs discussing the role of Attorney Kagen, and clarify the proper forum for Starks to bring his claims (*i.e.,* paragraphs 4, 6, 29-40, 56, 60, 66, 74-75). Specifically, the State seeks to clarify whether this court is overruling *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 556 N.W.2d 136 (Ct. App. 1996), and/or modifying *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992).

In *Starks*, as in *Rothering,* the distinction between appellate counsel and postconviction counsel was dispositive in determining the proper

- 3 -

3

forum, even though the same person served in both roles. *Rothering*, 205 Wis. 2d at 678 n.4.[1]

The two principal manifestations of <u>appellate</u> counsel's performance are the brief and oral argument. *Id.* at 678. But certain appellate claims, such as ineffective assistance of trial counsel, must be preserved in the circuit court in a postconviction motion in order to be reviewed on appeal; appellate counsel cannot be found ineffective for failing to raise those waived issues, if not preserved below. *Id.* at 677-79. *See also State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979) (must preserve trial counsel's testimony in postconviction proceedings as prerequisite to ineffective assistance claim on appeal).

As in *Rothering*, what Starks really complained of was <u>not</u> his counsel's performance on appeal (*i.e.*, the briefs and oral argument); but rather, his counsel's performance during the <u>postconviction</u> proceedings (*i.e.*, his counsel's failure to file a postconviction motion), or what <u>should have occurred</u> in the circuit court. *Rothering*, 205 Wis. 2d at 678-79.

---

[1]Postconviction counsel represents the defendant in post-verdict proceedings in the circuit court, between the time counsel files a notice of intent to pursue postconviction relief, and the time an appeal commences with the filing of a notice of appeal. Appellate counsel represents the defendant in the appellate courts following the filing of the notice of appeal.

Thus, under *Rothering*, Starks properly brought his claims of ineffective assistance of <u>postconviction</u> counsel as a Wis. Stat. § 974.06 postconviction motion in the circuit court—not a *Knight* petition in the court of appeals—because his counsel failed to file a postconviction motion in the circuit court preserving Starks' current *Machner* claims for appeal. *Id.* at 679 (*Knight* petition is not proper vehicle for seeking redress of alleged deficiencies of postconviction counsel).

In other words, the real relief Starks sought was not a new appeal, but a new trial, based on postconviction counsel's alleged ineffectiveness for failure to raise claims of trial counsel's alleged ineffectiveness. Under *Rothering*, therefore, the appropriate forum for his claims was the circuit court—thereby keeping the relevant decision-making with the appropriate fact-finder and linking the remedy closely to the scope of the alleged constitutional violation. *Id.* at 679-80.

As in *Rothering*, there was "no doubt" that Starks' motion was "merely a vehicle for obtaining a trial court ruling on the underlying issues of ineffective trial counsel"—issues over which the court of appeals only had appellate jurisdiction, not original jurisdiction. *Id.* at 680 (must raise

- 5 -

claims in place where allegedly deficient conduct occurred so underlying issues come before appellate court in proper appellate context).

*Knight*, in contrast, did not address claims of error not preserved for appellate review. *Id.* at 683 & n.11 (postconviction motion not necessary to preserve alleged errors on appeal which appellate counsel allegedly should have briefed, because adequate trial court record already existed on those already-preserved claims).

In summary, *Rothering* holds that unpreserved *Machner* claims should be brought in the circuit court as Wis. Stat. § 974.06 motions alleging postconviction counsel's ineffectiveness; whereas preserved claims should be brought in the court of appeals as *Knight* petitions alleging appellate counsel's ineffectiveness. *Id.* at 683-84 (court of appeals' authority goes only to issues actually argued before court of appeals or preserved in appellate record without necessity of postconviction motion).

This court's discussion about forum in *Starks* directly conflicts with *Rothering's* holding, and implicitly conflicts with *Knight's* rationale. Accordingly, the State seeks to clarify whether this court is overruling *Rothering* and/or modifying *Knight*. Such clarification will assist future

litigants, bench, and bar in determining the proper forum to file these claims.

## CONCLUSION

This court should uphold *Starks'* mandate, but modify and clarify the opinion as set forth above.

Dated this 30th day of July, 2013.

Respectfully submitted,

J.B. VAN HOLLEN
Attorney General

SARAH K. LARSON
Assistant Attorney General
State Bar #1030446

Attorneys for Plaintiff-Respondent

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 261-0666
(608) 266-9594 (Fax)
larsonsk@doj.state.wi.us

## CERTIFICATION

I hereby certify that this motion meets the length requirements of Wis. Stat. §§ (Rules) 809.24, 809.63, 809.64 for a motion for reconsideration produced with a proportional serif font. The length of the motion is 1,045 words.

Dated this 30th day of July, 2013.

_____
SARAH K. LARSON
Assistant Attorney General

APPENDIX B

STATE OF WISCONSIN
IN SUPREME COURT

**FILED**

**JUL 3 1 2013**

**CLERK** OF SUPREME COURT
OF WISCONSIN

Appeal No. 2010AP425-CR

STATE OF WISCONSIN,

      Plaintiff-Respondent,

v.

TRAMELL E. STARKS,

      Defendant-Appellant-Petitioner.

## STARKS' MOTION FOR RECONSIDERATION

Tramell E. Starks, by counsel, moves this Court pursuant to Wis. Stat. (Rules) 809.14 & 809.64 for an order striking paragraphs 4, 27, 30, 33-40, and that portion of paragraph 31 asserting that Starks filed his ineffective assistance of post-conviction counsel claim in the wrong court. Starks requests that the Court withdraw its opinion and order briefing regarding whether *State ex rel. Rothering v. McCaughtry*, 205 Wis.2d 675, 556 N.W.2d 136 (Ct. App. 1996) (ineffectiveness claims challenging failure to file post-conviction motion must be raised in circuit court under Wis. Stat. §974.06), should be overruled.

This Court's decision that Starks' challenge to the failure to file a post-

conviction motion alleged an error of "appellate counsel" rather than "post-conviction counsel" directly conflicts with the holding and rationale of *Rothering* which has guided litigants and the courts for 17 years. *See State v. Balliette*, 2011 WI 79, ¶32, 336 Wis.2d 358, 805 N.W.2d 334 ("When, however, the conduct alleged to be ineffective is postconviction counsel's failure to highlight some deficiency of trial counsel in a § 974.02 motion before the trial court, the defendant's remedy lies with the circuit court under either Wis. Stat. §974.06 or a petition for habeas corpus"), *cert. denied*, 132 S. Ct. 825 (2011).

By overlooking the conflict with *Rothering*, the Court failed to address the rationale and policy reasons underlying that decision and unknowingly and unintentionally upset the settled expectations of litigants (including *pro se* defendants who file most collateral attacks), attorneys, and the lower courts concerning the proper forum for raising post-conviction ineffectiveness claims.

Starks does not dispute *Rothering's* distinction between post-conviction and appellate counsel. Rather, the confusion arises from this Court's choice to denominate counsel's failure to file a post-conviction motion in the circuit court an error of "appellate counsel." *Starks*, ¶¶4, 30, 34-40.

Wisconsin courts have identified the proper forum for ineffectiveness

-2-

10

claims to be that in which counsel's errors, of commission *or omission*, are alleged to have occurred. Thus, counsel's failure to file a petition for review with this Court must be addressed by habeas petition to this Court. *State ex rel. Schmelzer v. Murphy*, 201 Wis.2d 246, 255-56, 548 N.W.2d 45 (1996). Similarly, counsel's failure to file a no-merit report, merits brief, or motion to extend Wis. Stat. (Rule) 809.30 deadlines in the Court of Appeals is ineffectiveness of appellate counsel that must be addressed by habeas petition in that court. *State v. Knight*, 168 Wis. 2d 509, 520, 484 N.W.2d 540 (1992); *see e.g.*, *State v. Evans*, 2004 WI 84, ¶ 32, 273 Wis.2d 192, 682 N.W.2d 784; *State ex rel. Smalley v. Morgan*, 211 Wis.2d 795, 565 N.W.2d 805 (Ct. App. 1997).[1]

Although overlooked here, *Rothering* applied a similar common sense standard, holding that counsel's unreasonable failure to file a post-conviction motion in the circuit court challenging the effectiveness of trial counsel is an error of "post-conviction counsel" that must be raised under Wis. Stat. §974.06 rather than in the Court of Appeals. That Court's rationale, again overlooked by the Court here, is that "[c]laims of ineffective trial counsel ... cannot be

---

[1] A different holding in *Smalley* was overruled on other grounds in *State ex rel. Coleman v. McCaughtry*, 2006 WI 49, 290 Wis.2d 352, 714 N.W.2d 900.

reviewed on appeal absent a postconviction motion in the trial court." *Balliette*, 2011 WI 79, ¶29, quoting *Rothering*, 205 Wis.2d at 677–78. Accordingly counsel's failure to raise a trial ineffectiveness claim for the first time on appeal cannot be ineffectiveness of appellate counsel because appellate counsel does not act unreasonably in failing to raise an unpreserved claim. Rather, the ineffectiveness is of *postconviction* counsel for failing to raise and preserve the claim in a postconviction motion in the circuit court. *Rothering*, 205 Wis.2d at 677-79.

Absent clarification, the result will be confusion and litigation. Overruling 17 years of established practice necessarily causes uncertainty and interferes with settled expectations. The resulting confusion is heightened when, as here, the reversal happens with no acknowledgment of the radical changes, with no explanation for why the change is necessary, and with minimal explanation of the scope of the changes. Adding that most of those impacted are *pro se* inmates with rudimentary understanding of law and procedure, and the change is a recipe for confusion, litigation, and injustice. Given the confusion resulting from *Starks*, for instance, cautious litigants raising post-conviction ineffectiveness claims will be forced to file duplicate motions in the circuit court and the Court of Appeals to guaranty the proper

-4-

forum.

\* \* \*

Starks also seeks reconsideration of the Court's assessment of his substantive claims, *Starks*, ¶¶66-73, because that assessment conflicts with controlling and apparently overlooked legal standards.

First, a separately charged witness' sworn allegations are not inherently "unreliable." *Starks*, ¶67. The state regularly relies on such evidence to meet its burden of proof beyond a reasonable doubt at trial and the defendant is not even required to present affidavits in support of a post-conviction motion. *E.g.*, *State v. Brown*, 2006 WI 100, ¶62, 293 Wis.2d 594, 716 N.W.2d 906.

Second, contrary to the Court's assertion, *Starks*, ¶¶68-69, judicial determinations are *not* controlling when they result from ineffective assistance of counsel or the defendant satisfies the due process requirements for newly discovered evidence.

Third, contrary to the Court's holding, *Starks*, ¶70, it is well-established that supporting documentary proof is *not* required to get a hearing. *Brown*, 2006 WI 100, ¶62. A specific factual allegation - such as that specific phone records would show that the state's witnesses did not speak with Starks - are not rationally rendered "conclusory" merely because Starks did not attach the

-5-

phone records corroborating that claim. *E.g.*, **State v. Love**, 2005 WI 116, 284 Wis.2d 111, 700 N.W.2d 62.

Finally, while counsel may be assumed to have acted for tactical reasons where the defendant relies solely on the trial record without calling the attorney to testify, **Yarborough v. Gentry**, 540 U.S. 1, 8 (2003) (per curiam), the Court's apparent approval of such an assumption to deny a **Machner** hearing absent proof that trial counsel's failure was due to something other than reasoned tactics effectively creates an "attorney's allowing counsel to avoid a finding of ineffectiveness merely by refusing to speak with the defendant or his postconviction counsel.

Because the Court's analysis of Starks' substantive claims also overlooks and conflicts with controlling legal standards, it likewise will cause unnecessary confusion, litigation, and injustice. Reconsideration of that analysis accordingly is appropriate as well.

Dated at Milwaukee, Wisconsin, July 30, 2013.

-6-

Respectfully submitted,

TRAMELL STARKS,
Defendant-Appellant-Petitioner

HENAK LAW OFFICE, S.C.

Robert R. Henak
State Bar No. 1016803

P.O. ADDRESS:

316 N. Milwaukee St., #535
Milwaukee, Wisconsin 53202
(414) 283-9300
henaklaw@sbcglobal.net

## CERTIFICATION

This motion conforms to the requirements contained in Wis. Stat. (Rules) 809.24, 809.63, and 809.64 for a motion for reconsideration produced with a proportional serif font. The length of this motion is 1,070 words.

Robert R. Henak

Reconsideration Motion.wpd

-7-

¶9 DAVID T. PROSSER, J. *(concurring).* The court has voted unanimously to deny the motions for reconsideration. This concurrence is one justice's explanation of his vote.

¶10 Last term, the court issued an opinion in State v. Starks, 2013 WI 69, 349 Wis. 2d 274, 833 N.W.2d 146, affirming an unpublished decision of the court of appeals, State v. Starks, No. 2010AP425, unpublished slip op. (Wis. Ct. App. June 14, 2011). In so doing, the court upheld the convictions of Tramell E. Starks (Starks) for first-degree reckless homicide and felon-in-possession of a firearm against constitutional attack by Starks, pursuant to Wis. Stat. § 974.06.

¶11 The procedural issues in the case were both complicated and unusual. In 2006 Starks was charged with being a felon in possession of a firearm and, more important, with first-degree intentional homicide as a party to the crime. He was represented at trial by Attorney Michael John Steinle. A jury convicted Starks of the felon-in-possession-of-a-firearm offense and first-degree reckless homicide, a lesser included offense of first-degree intentional homicide.[2]

¶12 Following Starks's conviction, the Public Defender's Office appointed a new attorney, Robert Kagen, to represent Starks in postconviction proceedings. Attorney Kagen did not file any postconviction motions under Wis. Stat. § 974.02. Instead he filed a direct appeal, raising four claims, none of

---

[2] Milwaukee County Circuit Judge William W. Brash III presided at Starks's trial.

16

which alleged that Starks's trial counsel was ineffective. The court of appeals affirmed both convictions. State v. Starks, No. 2008AP790-CR, unpublished slip op. (Wis. Ct. App. Dec. 23, 2008). This court denied Starks's petition for review.

¶13 Approximately three years after the jury trial and one year after the decision in the unsuccessful appeal, Starks, acting pro se, filed a Wis. Stat. § 974.06 motion with the circuit court, alleging ineffective assistance of postconviction counsel. Starks alleged that Attorney Kagen was ineffective for failing to raise numerous claims about the ineffective assistance of trial counsel (Steinle) and that, consequently, he was entitled to an evidentiary hearing on these claims.

¶14 The circuit court dismissed the § 974.06 motion on grounds that it exceeded the Milwaukee County Circuit Court page limit. This dismissal occurred on January 4, 2010.

¶15 Two days later, Starks, again acting pro se, filed a motion pursuant to State v. Cherry, 2008 WI App 80, 312 Wis. 2d 203, 752 N.W.2d 393, to vacate his DNA surcharge. The motion was denied on grounds that the motion was not timely.

¶16 Thereafter, Starks refiled his first § 974.06 motion, keeping the explanation of his claims within the local page limit. Starks alleged six instances of ineffective assistance of trial counsel. Milwaukee County Circuit Judge Kevin E. Martens addressed each of Starks's claims and denied the motion on the merits.

¶17 On appeal the court of appeals declined to address the § 974.06 motion on the merits, contending that Starks could have

17

raised his ineffective assistance of counsel claims in the Cherry motion, failed to do so, and gave no reason for this failure.

¶18 This court then granted Starks's petition for review. When Starks's case was argued here, he was represented by Attorney Tricia J. Bushnell and others.

¶19 In deciding the case, the court framed the issues as follows:

> Three issues are presented in this case. The first is whether a Cherry motion to vacate a DNA surcharge is considered a "prior motion" under § 974.06(4), such that a defendant is required to raise postconviction ineffective assistance of counsel arguments in his Cherry motion. The second issue we address is the appropriate pleading standard a court must utilize when a defendant alleges in a petition for writ of habeas corpus that his appellate counsel was ineffective for failing to raise certain arguments. Finally, we must determine whether Starks received ineffective assistance of appellate counsel.

Starks, 349 Wis. 2d 274, ¶5.

¶20 The court, however, addressed an additional matter not argued by the parties. The court said:

> At the outset we note that there is a procedural problem in this case. Starks's Wis. Stat. § 974.06 motion, which was filed with the circuit court, alleged ineffective assistance of postconviction counsel. However, the attorney who represented him after his conviction did not file any postconviction motions and instead pursued a direct appeal. He was thus not Starks's postconviction counsel but was rather his appellate counsel. This is significant because claims of ineffective assistance of appellate counsel must be filed in the form of a petition for a writ of habeas corpus with the court of appeals. State v. Knight, 168 Wis. 2d 509, 520, 484 N.W.2d 540 (1992). By bringing his claim in the circuit court, Starks pursued his case in the wrong forum. However,

18

because the erroneous filing deprived the circuit court of competency rather than jurisdiction, our review of his case is appropriate.

Id., ¶4.

¶21 In the wake of the Starks opinion, this court received two motions for reconsideration, one from Starks and one from the State. Both parties took issue with the court's discussion in the above-quoted paragraph 4. Both parties contended that on the facts of the case, Starks was correct in challenging the effectiveness of postconviction counsel and thus correct in filing his § 974.06 motion in the circuit court. Correspondingly, both parties contended that this court's characterization of Starks's motion as a challenge to the effectiveness of appellate counsel was incorrect and its assertion that Starks should have filed a petition for a writ of habeas corpus in the court of appeals was thus mistaken.

¶22 Starks's motion, filed by Attorney Robert Henak, read in part:

Tramell E. Starks, by counsel, moves this Court pursuant to Wis. Stat. (Rules) 809.14 & 809.64 for an order striking paragraphs 4, 27, 30, 33-40, and that portion of paragraph 31 asserting that Starks filed his ineffective assistance of post-conviction counsel claim in the wrong court. Starks requests that the Court withdraw its opinion and order briefing regarding whether State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 556 N.W.2d 136 (Ct. App. 1996) (ineffectiveness claims challenging failure to file post-conviction motion must be raised in circuit court under Wis. Stat. § 974.06), should be overruled.

¶23 The State's motion, authored by Assistant Attorney General Sarah K. Larson, read in part:

19

> [T]he State seeks to modify all paragraphs discussing the role of Attorney Kagen, and clarify the proper forum for Starks to bring his claims (i.e., paragraphs 4, 6, 29-40, 56, 60, 66, 74-75). Specifically, the State seeks to clarify whether this court is overruling State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 556 N.W.2d 136 (Ct. App. 1996), and/or modifying State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540 (1992).

¶24 Starks raised a second issue in his motion for reconsideration. He asked that the court reconsider its assessment of his substantive claims "because that assessment conflicts with controlling and apparently overlooked legal standards."

¶25 The State also raised a second issue, namely, that paragraph 41 of the Starks opinion should be modified because it relied too heavily on language from Peterson v. State, 54 Wis. 2d 370, 381, 195 N.W.2d 837 (1972), which the State deemed outdated because of a 1977 amendment to Wis. Stat. § 974.06(1).

¶26 Although the two motions for reconsideration are denied, I believe the denial would benefit from discussion. In my view, two of the three issues presented in the motions are issues requiring clarification. However, none of these issues requires the court to withdraw the Starks opinion, and none of the issues presented offers any possibility that Tramell Starks is entitled to a hearing in the circuit court, much less a new trial.

¶27 By our denial of the motions for reconsideration, the court affirms Starks's two convictions. The three issues presented for reconsideration will be discussed in reverse order.

PARAGRAPH 41

¶28 Paragraph 41 of the Starks opinion explained that Wis. Stat. § 974.06 was "designed to replace habeas corpus as the primary method in which a defendant can attack his conviction after the time for appeal has expired." Starks, 349 Wis. 2d 274, ¶41 (quoting Howard B. Eisenberg, Post-Conviction Remedies in the 1970's, 56 Marq. L. Rev. 69, 79 (1972)). The second sentence in paragraph 41 sought to reinforce this point by quoting a passage from the Peterson case to the effect that a defendant may file a § 974.06 motion only after he has "exhausted his direct remedies[,] which consist of a motion for a new trial and [an] appeal." Starks, 349 Wis. 2d 274, ¶41 (brackets in original) (quoting Peterson, 54 Wis. 2d at 381). Unfortunately, the second sentence was misleading: In 1977 (five years after the Peterson opinion), Wis. Stat. § 974.06(1) was amended by adding the words, "After the time for appeal or post-conviction remedy provided in s. 974.02 has expired" [a § 974.06 motion may be filed]. § 130, ch. 187, Laws of 1977. "Expired" and "exhausted" are different concepts. "Expired" means that the time for filing a § 974.02 motion or an appeal has run out and thus these remedies are no longer available. "Exhausted" means that at least one of these remedies was tried and did not succeed and, as a result, they are no longer available. In either event, the more limited remedy of a motion under § 974.06 may still be available. In essence, a § 974.06 motion does not become available until the initial postconviction remedies are unavailable.

21

¶29 As the court noted in State v. Balliette, 2011 WI 79, ¶36, 336 Wis. 2d 358, 805 N.W.2d 334:

> If a defendant did not file a motion for relief under Wis. Stat. § 974.02 or a direct appeal, he is not subject to the "sufficient reason" requirement of § 974.06(4). State v. Lo, 2003 WI 107, ¶44 n.11, 264 Wis. 2d 1, 665 N.W.2d 756 (citing Loop v. State, 65 Wis. 2d 499, 222 N.W.2d 694 (1974)).

¶30 Paragraph 41 did not intend to modify the longstanding law stated above, but this clarification of the paragraph is in no way helpful to Starks.[3]

SUBSTANTIVE CLAIMS

¶31 Starks made four claims that his postconviction counsel (Kagen) was ineffective. These claims were addressed by Judge Martens in the circuit court, and they were addressed, point by point, in this court's Starks opinion. Starks, 349 Wis. 2d 274, ¶¶66-73.

¶32 In evaluating the effectiveness of postconviction counsel, a reviewing court must determine: (1) whether counsel's performance was deficient; and (2) whether counsel's deficiency, if any, prejudiced the defendant. In this case, Attorney Kagen made no motions as postconviction counsel but did make four claims as appellate counsel in the court of appeals. None of these four claims asserted that trial counsel was ineffective. Thus, this court viewed its responsibility in the Starks case as determining whether the four claims that Starks said Kagen should have made as postconviction counsel were "clearly

---

[3] See State v. Romero-Georgana, 2014 WI 83, ¶35, ___ Wis. 2d ___, ___ N.W.2d ___.

stronger" than the four claims that Kagen did make as appellate counsel, thereby rendering his performance constitutionally deficient.

¶33 The court chose not to compare Starks's four claims against the failure of postconviction counsel to file any claims in the circuit court. An argument can be made that Attorney Kagen should have brought a postconviction motion asking the circuit court to pass upon the claims he raised for Starks on appeal, and that argument is supported by Wis. Stat. § (Rule) 809.30(2)(h) ("The person shall file a motion for postconviction or postdisposition relief before a notice of appeal is filed unless the grounds for seeking relief are sufficiency of the evidence or issues previously raised."). However, I believe it would have been unreasonable for the court not to consider the arguments that Attorney Kagen did make in the court of appeals in evaluating the strength of the new arguments against the strength of the old.

¶34 In adopting the "clearly stronger" test, this court quoted from Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986): "When a claim of ineffective assistance of counsel is based on failure to raise viable issues, the [trial] court must examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal." (Emphasis added.)

¶35 Attorney Kagen did not fail to present significant and obvious issues if the alternative issues he allegedly should have raised are the issues that have been presented by Starks.

23

Starks's issues are not clearly stronger than the issues argued by Attorney Kagen.

¶36 To illustrate, Starks contends that Kagen was ineffective for not claiming Attorney Steinle was ineffective because Steinle did not call Mario Mills as a defense witness at trial. Mills was originally charged, along with Starks, with first-degree intentional homicide. Before trial, Mills pled guilty to furnishing a firearm to Starks, a convicted felon. This firearm was the weapon that was used by Starks to kill Lee Weddle. Mills was not only present at the incident but also present with Starks after the incident when Wayne Rogers called Mills to inquire about Weddle. It is somewhat astonishing that Starks accuses Attorney Steinle of ineffective assistance for not calling Mills as a defense witness simply because Mills, after his own plea and after Starks's conviction, signed an affidavit that said, "I never seen Tramell Starks shoot anyone." Whether this statement is literally true does not help Starks because Mills admitted furnishing Starks with a firearm. Mills's testimony would have confirmed one felony charge and placed a gun in Starks's hand at the time of the shooting. Surely, Attorney Steinle could not have expected Mills to admit to the killing himself (when other witnesses asserted that Starks was the shooter) or to concoct a story that would exonerate Starks entirely. This court's Starks opinion makes no claim that a separately charged witness's sworn allegations are inherently unreliable.

24

¶37 Starks's three other ineffective assistance of counsel claims are equally speculative and unpersuasive. I see no basis for additional consideration of Starks's substantive claims. For instance, the fact that Starks's father and grandmother assert that they did not see Starks talking with Trenton Gray at a funeral about Starks's desire to kill Carvius Williams does not mean the two men never discussed the subject. The circuit court completely answered this contention: "There is not a reasonable probability that the jury would have found it reasonable to believe that both the defendant's grandmother and his father had their eyes on the defendant's every single movement on the day of the funeral."

¶38 Attorney Steinle was confronted with very difficult facts, but he succeeded in persuading the jury to settle on a reduced homicide conviction for Starks. Attorney Kagen was far more realistic than Starks in trying to find some procedural error in the trial than in trying to pin Starks's conviction on Attorney Steinle's performance.

PROPER FORUM FOR FILING

¶39 I move now to the principal issue in the motions for reconsideration.

¶40 In State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), the defendant launched an attack on the effectiveness of his appellate counsel by filing a § 974.06 motion in circuit court. The circuit court denied the motion on grounds that it did not have authority under § 974.06 to grant the relief requested. Id. at 511. On review, a unanimous supreme court

25

concluded that "to bring a claim of ineffective assistance of appellate counsel, a defendant should petition the appellate court that heard the appeal for a writ of habeas corpus." Id. at 520 (emphasis added).

¶41 In Knight, there was no claim——at any point——that Knight's trial counsel had been ineffective.

¶42 In State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 676, 556 N.W.2d 136 (Ct. App. 1996), the defendant petitioned the court of appeals for a writ of habeas corpus, pursuant to Knight, claiming that his appellate counsel was constitutionally deficient in failing to seek withdrawal of his guilty plea. Rothering's trial, postconviction, and appellate counsel had been one and the same. Rothering, 205 Wis. 2d at 676. The court of appeals refused to grant the writ of habeas corpus on grounds that the defendant was really challenging the effectiveness of postconviction counsel and thus his claim for relief, if any, should be filed in the circuit court: "We conclude that a claim of ineffective assistance of postconviction counsel should be raised in the trial court either by a petition for habeas corpus or a motion under § 974.06, Stats." Id. at 681 (footnote omitted).

¶43 Unlike Knight, Rothering was a case in which the defendant really was disputing the effectiveness of his trial counsel by challenging the effectiveness of his postconviction counsel in not going after trial counsel.

¶44 The Starks opinion did not dispute the correctness of the quoted holdings in Knight and Rothering. The motions for

26

reconsideration contend instead that this court mischaracterized the stage of the proceeding in which the alleged ineffective assistance took place. The motions are supported by this court's decision in Balliette, 336 Wis. 2d 358, ¶32, in which the court said: "When . . . conduct alleged to be ineffective is postconviction counsel's failure to highlight some deficiency of trial counsel in a § 974.02 motion before the trial court, the defendant's remedy lies with the circuit court under either Wis. Stat. § 974.06 or a petition for habeas corpus." Id. (citing Rothering, 205 Wis. 2d at 679, 681).[4]

¶45 It must be acknowledged that no one on the court, including the writer of this concurrence, recognized the incorrectness of our characterization in the Starks opinion. After all, the court gave Starks a full review of his claims, evaluating the strength of the arguments made and discussed by Attorney Kagen in Starks's prior appeal against the arguments Starks later proposed, not the strength of the arguments that Starks later proposed against the decision of postconviction counsel not to make any arguments at all. The situation in Starks's first appeal was exactly the same as the situation in Knight's first appeal: "postconviction" counsel made no motions in circuit court and went straight to appeal. The difference

---

[4] See also State ex rel. Kyles v. Pollard, 2014 WI 38, ¶3, ___ Wis. 2d ___, ___ N.W.2d ___ (determining that "the court where the alleged ineffective assistance of counsel occurred is the proper forum in which to seek relief unless that forum is unable to provide the relief necessary to address the ineffectiveness claim").

27

here is that Starks, unlike Knight, claimed in his § 974.06 motion that his postconviction counsel was ineffective because of the failure to accuse his trial counsel of ineffectiveness.

¶46 One of the dilemmas exposed here is that any postconviction counsel, no matter how able and conscientious, becomes vulnerable to a subsequent § 974.06 motion for ineffective assistance of counsel if he does not himself file an ineffective assistance of counsel claim against the defendant's trial attorney. Such a motion will require the circuit court to evaluate the claim and may necessitate——depending upon the defendant's skill in drafting his motion——a Machner hearing to review the performance of postconviction counsel.

¶47 This is very reminiscent of the concerns expressed by former court of appeals judge David Deininger in 2001:

> In an increasing number of appeals from the denial of motions brought under Wis. Stat. § 974.06, especially those brought by pro se inmates, we are seeing an assertion that the reason the newly raised claims of error were not raised in previous postconviction or appellate proceedings is that postconviction or appellate counsel rendered ineffective assistance by failing to present the allegedly meritorious claims. In order to determine whether the new claims are properly before the court, the circuit court and/or this court must first evaluate the "sufficiency" of the proffered reason, which, as the majority's present analysis demonstrates, will often require a consideration of the merits of the underlying, newly asserted claim. And, even if we or the circuit court conclude that the claim has no merit, and thus that postconviction or appellate counsel's failure to raise the claim did not represent either deficient performance or prejudice to the defendant, the defendant has essentially obtained what § 974.06 and Escalona-Naranjo ostensibly deny: the consideration of the merits of the defendant's

28

newly asserted claim, for which sufficient reason has not been shown for an earlier failure to raise it.

Further complicating the analysis is the fact that many of the newly raised claims, as in this case, involve an assertion that trial counsel was ineffective for failing to make some request or objection during trial or pre-trial proceedings, and that subsequent counsel were ineffective for failing to raise a claim of ineffective assistance of trial counsel. Thus, on a record which contains neither a trial court ruling on a now disputed issue, nor a Machner hearing on why trial counsel failed to raise the issue, we or the circuit court must ponder the following question: Is there merit to the now raised issue, such that trial counsel was deficient for not making a request or objection regarding it, thereby prejudicing the defendant, and thereby also rendering postconviction and/or appellate counsel's performance [deficient] and prejudicial for failing to assert trial counsel's ineffectiveness, such that the defendant has presented a sufficient reason for the failure to raise the issue in earlier postconviction or appellate proceedings, which would permit him to now bring the issue before the court for a consideration of its merits?

Lo, 264 Wis. 2d 1, ¶50 (quoting State v. Lo, No. 01-0843, unpublished slip op., ¶¶56-57 (Wis. Ct. App. Dec. 28, 2001) (Deininger, J., concurring)).

¶48 In effect, the court is inviting an ineffective assistance of counsel claim——at some point——after every criminal conviction.

¶49 In any event, no one on the court disputes the basic correctness of the holdings in Knight and Rothering as to where to file a petition for a writ of habeas corpus challenging the effectiveness of appellate counsel or a § 974.06 motion challenging the effectiveness of postconviction counsel, for not challenging, or deficiently challenging, the alleged ineffective

29

assistance of trial counsel. Consequently, I believe the court should withdraw any language from the <u>Starks</u> opinion that suggests otherwise.

¶50 For the reasons stated above, I believe the two motions for reconsideration should be denied.

¶51 I am authorized to state that Justice ANN WALSH BRADLEY joins this concurrence.